**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

GILEAD SCIENCES, INC., *et al.*,                   :
                                                   :
                        Plaintiffs,                :        Case No. _____
                                                   :
v.                                                 :
                                                   :        **FILED *EX PARTE* AND UNDER SEAL**
PAIN RELIEF RX, INC., *et al.*,                    :        **PURSUANT TO 15 U.S.C. § 1116(d)**
                                                   :
                        Defendants.                :

---------------------------------------------------------------

## DECLARATION OF GEOFFREY POTTER

GEOFFREY POTTER, pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1.      I am a partner of the law firm Patterson Belknap Webb & Tyler LLP, attorneys for Plaintiffs Gilead Sciences, Inc. and Gilead Sciences Ireland UC (together, "Gilead" or "Plaintiffs").

2.      I make this declaration in support of Gilead's Motions for an *Ex Parte* Seizure Order, Temporary Restraining Order, Expedited Discovery Order, Asset Freeze Order, and Order to Show Cause for a Preliminary Injunction.

**I.      Certification Pursuant to Fed. R. Civ. P. 65(b)(1)**

3.      Pursuant to Federal Rule of Civil Procedure 65(b)(1), I certify that Gilead's counsel has made no attempt to give notice to the Defendants of Gilead's motion for a temporary restraining order and other relief.  Gilead has not given notice, and should not be required to, for the reasons stated in the accompanying memorandum of law, including that Gilead is prohibited from giving such notice under 16 U.S.C. § 1116(d), and because, if given notice, the Defendants are likely to conceal or destroy evidence.

**II.      Gilead Satisfies the Requirements of 15 U.S.C. § 1116(d)(4)(B)(ii)**

4.      The memorandum of law and the declarations and exhibits in support of Gilead's present application have been kept confidential and are being filed under seal.

5.      No previous application for the relief sought herein or any similar form of relief has been made in this or any other court against the Defendants.

6.      Gilead has not publicized any information relating to the requested seizure order.

**III.     Gilead Satisfies the Requirements of 15 U.S.C. § 1116(d)(2)**

7.      Attached hereto as **Exhibit 1** is a true and correct copy, without enclosures, of my firm's letter to the United States Attorney for the Eastern District of New York providing notice pursuant to 15 U.S.C. § 1116(d)(2) of Gilead's application for a seizure order against the newly named Defendants.

**IV.     Gilead Satisfies the Requirements of E.D.N.Y. Local Rule 6.1(d)**

8.      Pursuant to Local Rule 6.1(d), I certify that no previous application for the relief sought herein or any similar form of relief has been made in this or any other court against the Defendants.

9.      The *ex parte* relief sought herein is authorized, among other sources, by 15 U.S.C. § 1116(d).  Good cause for the *ex parte* relief exists, as set forth in this declaration, the declarations of other fact witnesses filed herewith, the exhibits thereto, as well the accompanying memorandum of law.  Briefly summarized, Gilead has gathered substantial evidence that the Defendants have engaged in the purchase and sale of counterfeit Gilead-branded medicines in U.S. commerce, and an *ex parte* seizure pursuant to 15 U.S.C. § 1116(d) is required to secure Gilead's rights and ensure the counterfeits and/or documents concerning them are not concealed, moved, or destroyed.

2

## V.    Prior Experience and Similar Orders

10.    A focus of my law practice is protecting global pharmaceutical and medical-device companies against those that sell infringing and counterfeit products.  On behalf of my clients I have obtained dozens of *ex parte* Seizure Orders, Asset Freeze Orders and Temporary Restraining Orders ("TROs"), which were subsequently converted to Preliminary Injunctions. Each of the seizure orders that I have obtained has been subsequently confirmed by the issuing court, and none has led to the forfeiture of any portion of the injunction bond.

11.    In addition to the instant litigation, I am lead counsel in three pending cases filed by Gilead in this District, all of which involve the sale of Gilead-branded black-market prescription medicines, including medicines that had altered or counterfeit Gilead labels and were already dispensed to patients, purchased back from those patients for cash, and resold as new.  *Gilead Sciences, Inc. et al. v. Safe Chain Solutions LLC et al.* ("*Safe Chain*"), No. 21-cv-4106 (E.D.N.Y.); *Gilead Sciences Inc. et al. v. Khaim et al.* ("*Khaim*"), No. 24-cv-4259 (E.D.N.Y.); and *Gilead Sciences Inc. et al. v. City Plus Care Pharmacy Inc. d/b/a Heal the World Pharmacy et al.*, No. 25-cv-04169(RER)(RML) (E.D.N.Y.) ("*Heal the World*").  In each of these cases, the plaintiff obtained *ex parte* Seizure Orders, TROs, Asset Freeze Orders, and Expedited Discovery Orders similar to the order that Gilead seeks here.  True and correct copies of those Orders are attached as **Exhibits 2 through 13**.

12.    In my experience representing international pharmaceutical and medical-devices companies in lawsuits against diverted, infringing, and counterfeit product, it is common for those selling such products to, if given notice, attempt to transfer, conceal, destroy, or dissipate the infringing product and their illicit profits from the sale of those products.  Given the highly regulated nature of pharmaceuticals and medical devices, those selling infringing and counterfeit versions of those products tend to be well aware of their potential criminal exposure; it is

3

common for defendants in these cases to assert their Fifth Amendment rights in response to deposition questions and interrogatories.  In my experience it is also common for sellers of infringing and counterfeit medicines and medical devices to wash their illicit gains through various money-laundering schemes, including through complex schemes involving multiple shell organizations.

## VI.     Attached Exhibits

13.     I attach hereto true and correct copies of the following documents:

| Exhibit No. | Description |
|---|---|
| 1 | Letter from Geoffrey Potter to the United States Attorney for the Eastern District of New York, dated April 14, 2026. |
| 2 | Seizure Order in *Safe Chain* (ECF No. 18). |
| 3 | Temporary Restraining Order in *Safe Chain* (ECF No. 17). |
| 4 | Asset Freeze Order in *Safe Chain* (ECF No. 19). |
| 5 | Expedited Discovery Order in *Safe Chain* (ECF No. 21). |
| 6 | Seizure Order in *Khaim* (ECF No. 14). |
| 7 | Temporary Restraining Order in *Khaim* (ECF No. 12). |
| 8 | Asset Freeze Order in *Khaim* (ECF No. 13). |
| 9 | Expedited Discovery Order in *Khaim* (ECF No. 16). |
| 10 | Seizure Order in *Heal the World* (ECF No. 17). |
| 11 | Temporary Restraining Order in *Heal the World* (ECF No. 16). |
| 12 | Asset Freeze Order in *Heal the World* (ECF No. 18). |
| 13 | Expedited Discovery Order in *Heal the World* (ECF No. 19). |
| 14 | Excerpted Trial Testimony of Peter Khaim in *United States v. Boyd*, 24-cr-20255 (S.D. Fla), dated October 7, 2025. |
| 15 | Excerpted Trial Testimony of Peter Khaim in *United States v. Boyd*, 24-cr-20255 (S.D. Fla), dated October 20, 2025. |
| 16 | Spreadsheet showing all sales by ClearRx Pharmacy Inc. on www.Rxeed.com ("Rxeed") in the years 2023 and 2024.[1] |
| 17 | Spreadsheet showing all sales by EZ Max Pharmacy Inc. on Rxeed in the years 2023 and 2024. |
| 18 | Spreadsheet showing all sales by MDRx Pharmacy Inc. on Rxeed in the years 2023 and 2024. |
| 19 | Spreadsheet showing all sales by SkyRx Pharmacy Inc. on Rxeed in the years 2023 and 2024. |
| 20 | Spreadsheet showing all sales by Spectra Pharmacy Inc. on Rxeed in the years 2023 and 2024. |
| 21 | Spreadsheet showing all sales by Galaxy Pharmacy Inc. on Rxeed in the years 2023 and 2024. |
| 22 | Registration Information for ClearRx Pharmacy Inc. from New York State Education Department, Office of the Professions. |
| 23 | Registration Information for EZ Max Pharmacy Inc. from New York State Education Department, Office of the Professions. |

5

| 24 | Registration Information for MDRx Pharmacy Inc. from New York State Education Department, Office of the Professions. |
|----|----|
| 25 | Registration Information for SkyRx Pharmacy Inc. from New York State Education Department, Office of the Professions. |
| 26 | Registration Information for Spectra Pharmacy Inc. from New York State Education Department, Office of the Professions. |
| 27 | Registration Information for Galaxy Pharmacy Inc. from New York State Education Department, Office of the Professions. |
| 28 | Superseding indictment in *United States v. Aminov*, 1:23-cr-110 (S.D.N.Y.). |
| 29 | Judgment in *United States v. Peter Khaim*, 1:22-cr-00020-PGG (S.D.N.Y.). |
| 30 | Indictment in *New York v. Levy, et al.*, 2441/009 (Sup. Ct. Bronx County). |
| 31 | Conditions of Probation for Alex Levy in *New York v. Levy, et al.*, 2441/009 (Sup. Ct. Bronx County). |
| 32 | Uniform Sentence & Commitment for Daniel Levy in *New York v. Levy, et al.*, 2441/009 (Sup. Ct. Bronx County). |
| 33 | Judgment in *United States v. Shamalov*, 1:23-cr-00110-JMF (S.D.N.Y.). |
| 34 | Bank records for Pain Relief Rx., Inc., showing signatory authority by, and checks written by, Eleanora Mullokandova. |
| 35 | Bank records for Pain Relief Rx, Inc. showing transfers of funds, with relevant transactions highlighted by counsel. |

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on April 13, 2026.

_____
GEOFFREY POTTER

---

[1] Exhibits 16-21 were created by counsel for Gilead using a spreadsheet that was produced by Rxeed in a prior litigation. To create each exhibit, counsel filtered the spreadsheet from Rxeed to show relevant sales by each defendant, and added at the end a calculation showing that Defendant's total sales.

6