**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GILEAD SCIENCES, INC., et al., Plaintiffs, v. PAIN RELIEF RX, INC., et al., Defendants. | Case No. 26-cv-2172 (CBA) (CHK) **FILED EX PARTE AND UNDER SEAL PURSUANT TO 15 U.S.C. § 1116(d)** |

## EXPEDITED DISCOVERY ORDER

PLEASE TAKE NOTICE that upon the Complaint of Gilead Sciences, Inc. and Gilead Sciences Ireland UC (together, "Gilead" or "Plaintiffs"), the accompanying declarations and the exhibits annexed hereto, and the memorandum of law submitted in support of this Order, it is hereby:

ORDERED that Plaintiffs may immediately serve discovery requests on each Defendant; and it is further

ORDERED that Defendants shall, within seven calendar days after service of requests for production of documents and communications related to any of the following topics, respond to such requests by production of responsive documents regarding: (i) Defendants' acquisition, purchase, sale, listing for sale, dispensation, advertising, distribution, transfer, payment for, or reimbursement claims for Gilead medicines or purported Gilead medicines; (ii) Defendants' processes, policies, or procedures concerning or applying to establishing the authenticity of any Gilead medicines or purported Gilead medicines; (iii) pedigree documentation and/or pedigree information concerning Gilead medicines or purported Gilead medicines; (iv) membership in or use of online pharmacy-to-pharmacy marketplaces; (v) the operation of pharmacies, including but

not limited to, licensure, sourcing of product, the opening and/or closing of physical locations, sources of revenue, insurance reimbursement claims, and dispensing products to patients; and (vi) Defendants' assets or transfer of assets, including the distribution of revenue or flow of funds received from sales of Gilead-branded medicine; and it is further

ORDERED Defendants to this action shall, within seven calendar days after service of interrogatories related to any of the following topics, serve substantive responses to such interrogatories: (i) the acquisition, purchase, sale, listing for sale, dispensation, advertising, distribution, transfer, payment for, or reimbursement claims for Gilead medicines or purported Gilead medicines; (ii) Defendants' processes, policies, or procedures concerning or applying to establishing the authenticity of any Gilead medicines or purported Gilead medicines; (iii) pedigree documentation and/or pedigree information concerning Gilead medicines or purported Gilead medicines; (iv) membership in or use of online pharmacy-to-pharmacy marketplaces; (v) the operation of pharmacies, including but not limited to, licensure, sourcing of product, the opening and/or closing of physical locations, sources of revenue, insurance reimbursement claims, and dispensing products to patients; and (vi) Defendants' assets or transfer of assets, including the distribution of revenue or flow of funds received from sales of Gilead-branded medicine; and it is further

ORDERED that upon notice in writing to every other party of at least seven calendar days, Plaintiffs may take the deposition of any Defendant, which may be taken by Zoom or other electronic means, and that any such deposition taken pursuant to Federal Rule of Civil Procedure 30(b)(6) may be noticed on topics related to (i) the acquisition, purchase, sale, listing for sale, dispensation, advertising, distribution, payment for, or reimbursement claims for Gilead medicines or purported Gilead medicines; (ii) Defendants' process, policies, or procedures concerning or

applying to establishing the authenticity of any Gilead medicines or purported Gilead medicines; (iii) pedigree documentation and/or pedigree information concerning Gilead medicines or purported Gilead medicines; (iv) membership in or use of online pharmacy-to-pharmacy marketplaces; and (v) the operation of pharmacies, including but not limited to, licensure, sourcing of product, the opening and/or closing of physical locations, sources of revenue, insurance reimbursement claims, and dispensing products to patients; and (vi) Defendants' assets or transfer of assets, including the distribution of revenue or flow of funds received from sales of Gilead-branded medicine; and it is further

ORDERED that, as to the entities and categories described below, (a) any non-party served with a subpoena in this action shall respond to a request to produce documents within seven calendar days after service of such requests by production of responsive documents, and (b) Plaintiffs may take the deposition of any non-party witness upon notice in writing to every other party of at least seven calendar days, on the following topics:

- As to any person or entity in the supply chain of any Defendant: shipping records, invoices, and purchase orders concerning Gilead medicines or purported Gilead medicines; communications concerning Gilead medicines or purported Gilead medicines; documents or communications concerning or applying to establishing the authenticity of any Gilead medicines or purported Gilead medicines; documents or communications concerning or applying to the storage or transportation of Gilead medicines or purported Gilead medicines; documents or communications with Defendants concerning or relating to Gilead medicines or purported Gilead medicines; contracts or agreements concerning or applying to Gilead medicines or purported Gilead medicines; pedigree documentation and/or pedigree information

concerning Gilead medicines or purported Gilead medicines; and membership in or use of online pharmacy-to-pharmacy marketplaces;

- As to pharmacy-to-pharmacy platforms or marketplaces: shipping records, invoices, purchase orders, listing records and sales records concerning Gilead medicines or purported Gilead medicines; communications concerning Gilead medicines or purported Gilead medicines; documents or communications relating to the establishing the authenticity of any Gilead medicines; documents or communications with Defendants concerning or relating to Gilead medicines or purported Gilead medicines; contracts or agreements concerning or applying to Gilead medicines or purported Gilead medicines; pedigree documentation and/or pedigree information concerning Gilead medicines or purported Gilead medicines; and policies and procedures for the listing, sale, and purchase of prescription medicines, the validation of the authenticity of such medicines, and the removal of inauthentic, counterfeit, or infringing medicines;
- As to pharmacies, hospitals, clinics, distributors, and dispensers: shipping records to and from any Defendant or pharmacy-to-pharmacy platform concerning Gilead medicines or purported Gilead medicines; communications to and from any Defendant concerning Gilead medicines or purported Gilead medicines; and pedigree documentation provided to or from any Defendant concerning Gilead medicines or purported Gilead medicines; contracts or agreements concerning or applying to Gilead medicines or purported Gilead medicines; and membership in or use of online pharmacy-to-pharmacy marketplaces;
- As to banks, brokerage houses, or other financial institutions: all account statements

and transaction records for any account held by, for, or on account of any Defendant or any person or entity in the supply chain of any Defendant for Gilead medicines or purported Gilead medicines, including any account for which any of those persons has signature authority;

- As to common carriers, couriers, and other transportation or logistics companies reasonably believed to have been involved with the transportation of (i) Gilead medicines, (ii) purported Gilead medicines, (iii) any components thereof, or (iv) any equipment used to manufacture the components thereof: invoices, records, and additional documentation kept in the ordinary course of business concerning those shipments;
- As to companies that manufacture the equipment used to manufacture the component parts of counterfeit Gilead medicines: shipping records to and from any Defendant or any Defendant's upstream suppliers; communications with any Defendant or any Defendant's upstream suppliers; and invoices, records, and additional documentation kept in the ordinary course of business;
- As to insurance companies, insurance plan sponsors, third-party administrators for insurance plans, pharmacy benefit managers, and persons or entities involved in the submission, processing, or adjudication of claims for health insurance, Medicare, or Medicaid, or similar governmental programs: documents and communications concerning the submission, processing, adjudication, auditing, or payment for claims for Gilead medicines or purported Gilead medicines.

ORDERED, that all non-party discovery not described above may proceed immediately pursuant to the ordinary time limits of the Federal Rules of Civil Procedure; and it is further

ORDERED that in taking discovery, Plaintiffs need not comply with the notice requirement of Rule 45(a)(4).

s/Carol Bagley Amon

CARAOL BAGLEY AMON
UNITED STATES DISTRICT JUDGE

Issued: April 17, 2026 at 9:00 a.m.