**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------

GILEAD SCIENCES, INC., et al.,

                    Plaintiffs,

v.

PAIN RELIEF RX, INC., et al.,

                    Defendants.

------------------------------------------

Case No. 26-cv-2172 (CBA) (CHK)

**FILED EX PARTE AND UNDER SEAL PURSUANT TO 15 U.S.C. § 1116(d)**

**SEIZURE ORDER**

Upon review of the Complaint of Gilead Sciences, Inc. and Gilead Sciences Ireland UC (together, "Gilead" or "Plaintiffs"), the accompanying declarations and the exhibits annexed hereto, and the memorandum of law submitted in support of this Order, and for good cause shown, it is hereby:

ORDERED that the United States Marshals Service for the Eastern District of New York; the 102nd and 104th Precincts of New York Police Department; the New York City Sheriff's Office; the 5th Precinct of the Nassau County Police Department; the Nassau County Sheriff's Office; the Federal Bureau of Investigations; and the U.S. Food and Drug Administration Office of Criminal Investigations, and/or any other law enforcement officers having jurisdiction, and in all cases assisted by one or more attorneys, private investigators, or employees or agents of Gilead, are directed and permitted, at any time between the hours of 8:00 a.m. and 10:00 p.m., but no later than seven days (7) from the date of this Order, to begin enforcing this order and search, seize, copy, and sequester at any time the following items in the possession, custody, or control of (1) Pain Relief Rx Inc.; (2) Khaim Mullokandov; (3) Eleanora "Ella" Mullokandova; (4) Lumix

Pharmacy, Inc.; (5) Linden Blvd. Rx Inc.; and (6) Jonathan Abramov (each a "Defendant," and together "Defendants") located at the following locations:

- Pain Relief Rx, located at 6303 Dry Harbor Road, Middle Village, New York 11379

- Khaim Mullokandov and/or Eleanora Mullokandova's residence, located at 7306 178th St Fresh Meadows, New York 11366

- Linden Blvd. Rx, located at 24109 Linden Blvd, Elmont, New York 11003

- Jonathan Abramov's residence, located at 73-40 187th Street, Fresh Meadows, NY 11366

- Lumix Pharmacy Inc., located at 7908 Jamaica Ave Woodhaven, New York 11421

(a)    All products bearing any of the Gilead Marks (as defined below)[1];

_____

[1] The Gilead Marks are defined as follows:

| Trademark | Registration Number | Registration Date |
|---|---|---|
| GILEAD | 3251595 | June 12, 2007 |
| | 2656314 | December 3, 2002 |
| GSI | 3890252 | December 14, 2010 |
| BIKTARVY | 5344455 | November 28, 2017 |
| DESCOVY | 4876632 | December 29, 2015 |
| DESCOVY FOR PREP | 5912591 | November 19, 2019 |
| 9883 | 5467392 | May 15, 2018 |
| | 5636131 | December 25, 2018 |
| | 5906177 | November 12, 2019 |
| | 5030567 | August 30, 2016 |

(b)    All business records, invoices, correspondence, emails, instant messages, text messages, WhatsApp communications, electronic communications, photographs, bank records, cancelled checks, wire transfers, books of account, receipts, or other documentation relating or referring in any manner to the manufacture, promotion, publicity, advertising, receiving, acquisition, importation, return, shipment, purchase, sale, offer for sale, dispensation, claims for reimbursement for, or distribution of any merchandise bearing any of the Gilead Marks, or any claim or defense in this action, whether such information is stored in a written or computerized form; and

(c)    Any equipment and supplies used to manufacture, assemble, label, alter, or package any merchandise bearing any of the Gilead Marks; and it is further

ORDERED that Gilead's counsel and/or private investigators working on their behalf shall act as substitute custodian for all products and property seized, including documents and electronic evidence, and shall after completing the seizure account completely for all products and property seized pursuant to this Order, and shall compile a written inventory of all such products and property seized and shall provide a copy to the law enforcement authority conducting the seizure, who shall include such a copy with its return to the Court, but that any law enforcement officer or agency will be present solely to enforce this Order and allow for Gilead's private investigators and attorneys to carry out the provisions stated in this Order, and no law enforcement officer or agency will take possession of any items or documents; and it is further

ORDERED that Gilead's private investigators and attorneys are authorized, under the supervision and with the assistance of law enforcement authority, to take all necessary steps to secure and remove the property described in this Order and located at the addresses or locations

stated herein, including but not limited to using the appropriate force necessary, if it is apparent that entry is being denied, by utilizing a locksmith or law enforcement entry tools to gain entry for the purposes of searching the premises, or vehicle, or facility in the possession, custody or control of Defendants, and to inspect the contents of any rooms, closets, cabinets, safes, vehicles, containers, desks, electronic storage devices, computer drives, desktop computers, laptop computers, tablets or documents located on the premises or any storage rooms, units, or areas located within the same complex that is premises owned, rented, operated, or utilized by the Defendants, as well as the cellular or smart phones of or used by any person on the premises who is an owner, principal, agent, or employee of Defendants; and that Defendants and their employees shall provide access (including providing all keys, codes, combinations, or passwords needed) to inspect the contents of any rooms, closets, cabinets, safes, vehicles, containers, desks or documents located on the premises or any storage rooms, units, or areas located within the same complex that is owned, rented, operated, or utilized by the Defendants; and it is further

ORDERED that Gilead's investigators and/or attorneys shall be provided access (including providing all logins, usernames, passwords, administrative passwords, codes, addresses, and multi-factor authentication codes) to review and copy all computer files, documents, and other electronic items, including those maintained in cloud-based or other offsite computer or electronic storage, including but not limited to any cloud-based email account such as a Gmail, Outlook 365, or any other email provider, and that such access shall be provided during the course of the execution of the seizure by (1) any Defendant or any employee of any Defendant; or (2) any custodian of corporate records; or (3) any other person who can provide such access during the course of the execution of the seizure; and it is further

ORDERED that during the course of the seizure Gilead's attorneys shall determine whether an item is covered by the preceding paragraphs and the law enforcement officers shall follow such attorneys' determination and ensure that no one attempts to interfere with the execution of this Order; and it is further

ORDERED that Defendants immediately upon receipt of this Order shall provide to Gilead's attorneys a summary document or documents giving the location or locations of any merchandise bearing any of the Gilead Marks that is in the possession, custody, or control of any of the Defendants; and it is further

ORDERED that Gilead's attorneys may be accompanied by private investigators and/or computer technicians to obtain copies of documents to be seized that are stored in computerized form, and Gilead's attorneys may, but are not required to, also bring with them still camera or video camera operators to record the seizure; and it is further

ORDERED that the computer technicians and private investigators may scan, image, or copy any paper or electronically stored information in the possession, custody or control of the Defendants so that the information may be searched following the seizure for relevant information by Gilead's counsel and/or private investigators working on their behalf; and it is further,

ORDERED that Gilead shall, following the seizure, inspect the products seized bearing any of the Gilead Marks, and if any products are found to be genuine and accompanied by genuine and accurate Drug Supply Chain Security Act pedigree documentation, such products are to be returned following the termination of this action; and it is further

ORDERED that immediately upon receipt of this Order Defendants shall disclose to Gilead's attorneys and investigators the following information concerning their purchases and/or sales of any product bearing any of the Gilead Marks from April 1, 2021 to the present:  (1) the

5

Drug Supply Chain Security Act pedigree documentation; (2) the price and quantity of each purchase or sale; (3) the product, including the specific type or variety of product; (4) the lot numbers; (5) the online marketplace, website, or platform, if any, on which the product was purchased or sold; and (6) the contact information, including names, addresses, email addresses, and telephone numbers of all associated individuals and/or companies from which Defendants have purchased or to whom Defendants sold the products, and Gilead or its counsel may contact those individuals and/or companies to locate and quarantine additional counterfeits and obtain evidence thereof; and it is further

ORDERED that Gilead shall be responsible to the law enforcement officers for all of their fees and charges incurred in carrying out this Order and shall hold harmless the law enforcement authority and its employees for any and all claims, asserted in any court or tribunal, arising from any acts, incidents, or occurrences in connection with the seizure and possession of the Defendants' property, including any third-party claims; and it is further

ORDERED that anyone interfering with the execution of this Order or disobeying this Order is subject to arrest by law enforcement authority and subject to contempt of court; and it is further

ORDERED that Gilead shall post an undertaking within three business days of the entry of this Order with the Clerk of the Court in the form of a bond in the sum of $50,000.00 as security for the payment of such actual and reasonable costs and damages as may be incurred or suffered by any party as a result of a wrongful seizure and for the payment of such costs and damages as may be incurred or suffered by any party as a result of any undue harm caused by this Court's Temporary Restraining Order and Order to Show Cause; and it is further

ORDERED that the parties shall appear for a hearing before this Court to confirm this Seizure Order on April 29, 2026 at 11:00 a.m.; such date not being sooner than ten (10) days from the date of this Order and not later than fifteen (15) days from the date of this Order, absent good cause or consent of all parties to set a different hearing date; and it is further

ORDERED that any Defendant intending to oppose confirmation of this Order shall file opposition papers with this Court and serve by email and mail upon Gilead's counsel, Geoffrey Potter, Patterson Belknap Webb & Tyler LLP, 1133 Avenue of the Americas, New York, NY 10036, GileadCounterfeitMedicine@pbwt.com, on or before April 24, 2026, and reply papers shall be filed and served by email or otherwise on or before April 27, 2026, and if any Defendants fail to oppose confirmation of this Seizure Order in accordance with this paragraph, then with regard to such Defendants the seizure shall be deemed confirmed, Gilead's bond shall be released, and Gilead shall be released from any liability in connection with the seizure; and it is further

ORDERED that Defendants serve by email and mail upon Gilead's counsel, Geoffrey Potter, Patterson Belknap Webb & Tyler LLP, 1133 Avenue of the Americas, New York, NY 10036, GileadCounterfeitMedicine@pbwt.com, five (5) days before the confirmation hearing scheduled herein, copies, to the extent originals were not seized and sequestered, of all business records, inventory records, invoices, emails, text messages, instant messages, WhatsApp messages, photographs, contacts, bank records, wire transfers, correspondence, books of account, letters of credit, receipts or other documentation relating or referring in any manner to the manufacture, promotion, publicity, advertising, receiving, acquisition, importation, shipment, purchase, sale, dispensation, claims for reimbursement for, offer for sale or distribution of any merchandise bearing any of the Gilead Marks (as defined herein), whether such information is

7

stored in a written or computerized form, and any merchandise bearing any of the Gilead Marks that are in the possession, custody, or control of any Defendant; and it is further

ORDERED that the seizure of any documents, records, or communications pursuant to this Order shall not be construed to effect or constitute the waiver of attorney-client privilege, work-product immunity, or any other privilege or immunity; and it is further

ORDERED that the following confidentiality provisions shall apply to all documents and all other materials obtained by Gilead from Defendants (the "Material"), until such time as the Court enters a comprehensive confidentiality order in this case:

1. Gilead shall not disclose any Material to any persons, except the following, who shall treat such information as confidential in accordance with the terms of this Order:

    (a) The parties and their counsel;

    (b) The Court and its officers, and any court reporters employed in this action;

    (c) lawyers, legal assistants, and support personnel at Gilead's outside counsel, and investigators and experts retained by Gilead's outside counsel;

    (d) Gilead's in-house attorneys, legal assistants, and support people that work with them with a need to know, including those who deal with applicable regulatory agencies;

    (e) Gilead's corporate security employees and those employees who support Gilead's anti-counterfeiting efforts;

    (f) Gilead's customer service people employed in connection with Gilead's patient information line;

    (g) government agencies, including those responsible for law enforcement and pharmaceutical licensing, sales, and distribution; and

    (h) fact witnesses or expert witnesses at trial or deposition.

2. To the extent that any Material contains protected health information ("PHI") from a "covered entity" as defined under the Health Insurance Portability and

8

Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1320d et seq., and its implementing regulations at 45 C.F.R. Parts 160 and 164, Gilead shall be permitted to review, copy, seize, and use such PHI solely for purposes of this litigation. All such PHI shall be treated as confidential and disclosed only in accordance with paragraph 1 above.

3. The provisions noted above relating to the Material shall not apply to any Material that:

(a) is, was, or becomes public knowledge, as long as it became so not in violation of this Order,

(b) is lawfully acquired by Gilead from a person or entity, other than Defendants, that has the right to possess and disclose such Material;

(c) was lawfully possessed by Gilead prior to entry by the Court of this Order; or

(d) Defendants subsequently agree in writing that the Material is not Confidential.

4. Nothing in this Order relating to the treatment of the Material shall be taken as indicating that any of the Materials are in fact confidential or entitled to confidential treatment. Gilead may at any time seek an order from the Court, on notice to counsel for Defendants, determining that specified Materials or categories of Materials are not entitled to be treated as confidential.

5. Material may be used in pleadings, motions, and other papers filed with the Court. All Material that is filed with the Court, and any pleadings, motions, or other papers filed with the Court disclosing any such Material, shall be filed under seal and kept under seal by the Clerk of this Court until further order of the Court. Nothing in this Order shall prevent Gilead from serving such papers on any present or future party to the case pursuant to the Federal Rules of Civil Procedure or other order of the Court.

6.      A person who receives a subpoena or other request for production or disclosure of any of the Material from any person, other than a government agency or law enforcement agency, shall give prompt written notice to Defendants to enable them to take such action as they deem appropriate to protect the confidential status of the Material.  Requests for the Material from a government agency or law enforcement agency shall be complied with without notice to any of Defendants; and it is further

ORDERED that service by any person of this Order, the papers upon which it was granted, and the summons and complaint in this action shall be made at the time of the seizure by delivering true copies thereof to any person of suitable age found at the premises or, if no persons are present, by leaving them in a conspicuous place at the premises, and that such service be deemed sufficient service.

The Court has granted the foregoing Seizure Order without prior written or oral notice to Defendants because it clearly appears from specific facts as follows:

(a)      The entry of any Order other than a Seizure Order without notice will not serve to adequately achieve the objectives underlying the Trademark Counterfeiting Act of 1984;

(b)      Gilead has not publicized the proposed Seizure Order;

(c)      Gilead has provided the United States Attorney for the Eastern District of New York with notice of their application for a Seizure Order pursuant to 15 U.S.C. § 1116(d)(2);

(d)      Gilead has provided the Court with substantial evidence that Defendants have used counterfeit marks in connection with the sale, offering for sale, or distribution of goods, and the Court concludes that Gilead is likely to succeed in so demonstrating;

(e)      Gilead will incur immediate and irreparable injury if this Court declines to grant a Seizure Order without notice;

10

(f)      The matters subject to said Seizure Order likely will be located at the locations to be searched;

(g)      The harm to Gilead should this Court decide not to grant Gilead's motion for a Seizure Order outweighs any harm which Defendants may incur in the event this Court grants Gilead's motion for a Seizure Order; and

(h)      Defendants, or persons acting in concert with them, would likely destroy, move, hide, or otherwise make inaccessible to the Court the matters that are subject to the proposed Seizure Order if Gilead is required to proceed on notice.

_s/Carol Bagley Amon_____
CAROL BAGLEY AMON
UNITED STATES DISTRICT JUDGE

Issued:      April 17, 2026 at ___9___ a.m.

11