UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GILEAD SCIENCES, INC., *et al.*,

               Plaintiffs,

v.

PAIN RELIEF RX, INC., *et al.*,

               Defendants.

---

Case No. 26-cv-2172 (CBA) (CHK)

**FILED UNDER SEAL**
**PURSUANT TO 15 U.S.C. § 1116(d)**

## STIPULATION AND [PROPOSED] ORDER ENTERING A PRELIMINARY INJUNCTION AS TO DEFENDANT JONATHAN ABRAMOV

WHEREAS, on April 14, 2026, Plaintiffs Gilead Sciences, Inc. and Gilead Sciences Ireland UC (collectively, "Plaintiffs" or "Gilead") filed their Complaint against, *inter alia*, Defendant Jonathan Abramov, and sought a temporary restraining order, asset freeze order, expedited discovery order, and *ex parte* seizure against Jonathan Abramov;

WHEREAS, on April 17, 2026, the Honorable Carol B. Amon entered a temporary restraining order, asset freeze order, expedited discovery order, and *ex parte* seizure order against Jonathan Abramov;

WHEREAS, on April 21, 2026, the Court's *ex parte* seizure order was executed at the residence of Jonathan Abramov;

WHEREAS, in order to avoid the burden and expense of a preliminary injunction hearing, Plaintiffs and Jonathan Abramov wish to stipulate to a preliminary injunction without a bond;

NOW THEREFORE, UPON THE STIPULATION AND AGREEMENT by and between the undersigned counsel for Plaintiffs and counsel for Jonathan Abramov, it is hereby ORDERED that:

1

1. Jonathan Abramov and his principals, agents, officers, directors, members, servants, employees, successors, assigns, and all other persons in concert and participation with him pending the final hearing and determination of this action, are preliminarily enjoined from importing, purchasing, selling, distributing, marketing, or otherwise using in commerce in the United States any Gilead Products (as defined below), including authentic products, or assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in this paragraph.

2. The "Gilead Products" are defined as all products manufactured by or sold by Gilead or its subsidiaries in the United States, including but not limited to all products bearing anywhere any of the Gilead Marks (as defined below),[1] whether on the product itself or any of its packaging.

---

[1] The Gilead Marks are defined as follows:

| Trademark | Registration Number | Registration Date |
| --- | --- | --- |
| GILEAD | 3251595 | June 12, 2007 |
|  | 2656314 | December 3, 2002 |
| GSI | 3890252 | December 14, 2010 |
| BIKTARVY | 5344455 | November 28, 2017 |
| DESCOVY | 4876632 | December 29, 2015 |
| DESCOVY FOR PREP | 5912591 | November 19, 2019 |
| 9883 | 5467392 | May 15, 2018 |
|  | 5636131 | December 25, 2018 |
|  | 5906177 | November 12, 2019 |
|  | 5030567 | August 30, 2016 |
|  | 5154303 | March 7, 2017 |
| TRUVADA | 2915213 | December 28, 2004 |
| GENVOYA | 4797730 | August 25, 2015 |
| ATRIPLA | 3276743 | August 7, 2007 |
| RANEXA | 3094007 | May 16, 2006 |
| VOSEVI | 5259592 | August 8, 2017 |
| STRIBILD | 4263613 | December 25, 2012 |
|  | 6031751 | April 14, 2020 |

3.      Plaintiffs and Jonathan Abramov agree that, as among them, there are no issues to address at the hearing scheduled for April 29, 2026, with respect to the Order to Show Cause. Jonathan Abramov waives any and all rights they might have to a hearing to contest the issuance of a preliminary injunction and agree to the entry of a preliminary injunction as requested by Plaintiffs without a hearing as memorialized in this Stipulation.

4.      Jonathan Abramov acknowledges and accepts service of all papers that had been filed in this action prior to April 21, 2026, including the summons, complaint, temporary restraining order, asset freeze order, expedited discovery order, and *ex parte* seizure order, and shall not contest the sufficiency of service.

5.      Defendant Abramov has no objection to this case being unsealed.

6.      Nothing in this stipulation shall constitute or be treated as an admission by any party, including an admission of any liability, wrongdoing, or violation of law.  Plaintiffs and Jonathan Abramov do not waive and reserve all rights and remedies not specifically addressed herein.

7.      Nothing in this stipulation modifies the asset freeze order, expedited discovery order, or *ex parte* seizure order entered by this Court against Jonathan Abramov on April 17, 2026, and Jonathan Abramov shall comply with the terms of those orders.

8.      Signatures transmitted electronically or by facsimile shall be deemed original.

| SOVALDI | 4468665 | January 21, 2014 |
|---------|---------|------------------|
|         | 5018106 | August 9, 2016 |
| 7977    | 4585257 | August 12, 2014 |

Dated: April 24, 2026

Respectfully submitted,

| PATTERSON BELKNAP WEBB & TYLER LLP | RIVKIN RADLER LLP |
|---|---|
| By: | By: |
| Geoffrey Potter<br>Timothy A. Waters<br>1133 Avenue of the Americas<br>New York, NY 10036-6710<br>Tel:    (212) 336-2000<br>Fax:    (212) 336-2222<br>gpotter@pbwt.com<br>twaters@pbwt.com<br><br>*Counsel for Plaintiffs Gilead Sciences, Inc. and Gilead Sciences Ireland UC* | Kenneth C. (Casey) Murphy<br>926 RXR Plaza<br>Uniondale, NY 11556-0926<br>(516)-357-3000<br>Casey.Murphy@rivkin.com<br><br>*Counsel for Defendant Jonathan Abramov* |

SO ORDERED

s/Carol Bagley Amon
CAROL BAGLEY AMON
UNITED STATES DISTRICT JUDGE

Issued: April 2, 2026

4