UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

GILEAD SCIENCES, INC., *et al.*,

                           Plaintiffs,

v.

PAIN RELIEF RX, INC., *et al.*,

                           Defendants.

---------------------------------------------------------------

Case No. 26-cv-2172 (CBA) (CHK)

**FILED UNDER SEAL**
**PURSUANT TO 15 U.S.C. § 1116(d)**

## STIPULATION AND [PROPOSED] ORDER MODIFYING ASSET FREEZE AS TO DEFENDANT JONATHAN ABRAMOV

WHEREAS, on April 14, 2026, Plaintiffs Gilead Sciences, Inc. and Gilead Sciences Ireland UC (collectively, "Plaintiffs" or "Gilead") filed their Complaint against, *inter alia*, Defendant Jonathan Abramov, and sought a temporary restraining order, asset freeze order, expedited discovery order, and *ex parte* seizure against Jonathan Abramov;

WHEREAS, on April 17, 2026, the Honorable Carol B. Amon entered an asset freeze order against Jonathan Abramov;

WHEREAS, Defendant Jonathan Abramov and Plaintiffs wish to stipulate to a modified asset freeze order;

NOW THEREFORE, UPON THE STIPULATION AND AGREEMENT by and between the undersigned counsel for Plaintiffs and counsel for Jonathan Abramov, it is hereby ORDERED that:

1.       Upon service of this Order on JPMorgan Chase Bank, N.A., JP Morgan Chase Bank, N.A. shall immediately unfreeze Jonathan Abramov's account ending in 3335 (hereafter the "Checking Account").

2. To the extent that Jonathan Abramov obtains new funds (for example, from a future paycheck), he shall be permitted to deposit such new funds into the Checking Account, and he shall be permitted to transfer, disburse, spend, withdraw or otherwise dispose of such funds in the Checking Account for the purposes of daily living and business expenses. For the avoidance of doubt, Jonathan Abramov shall not be permitted to deposit into the Checking Account, or otherwise transfer, convey, convert, mortgage, convey, encumber, sell, conceal, dissipate, disburse, assign, spend, withdraw, perfect a security interest in, or otherwise dispose of any assets that he held, or that were held by, for, or on his account, as of when the Asset Freeze Order was entered on April 17, 2026 at 9:00 a.m.

3. Upon service of this Order on Robinhood, Robinhood shall immediately unfreeze Jonathan Abramov's account ending in 0301 (hereafter the "Robinhood Account").

4. Jonathan Abramov shall be permitted to manage and invest the assets in the Robinhood Account, but he shall be be precluded from making withdrawals from the Robinhood Account absent further Order of the Court.

5. Nothing in this stipulation shall constitute or be treated as an admission by any party, including an admission of any liability, wrongdoing, or violation of law. Plaintiffs Jonathan Abramov do not waive and reserve all rights and remedies not specifically addressed herein.

6. Signatures transmitted electronically or by facsimile shall be deemed original.

Dated: April 24, 2026

Respectfully submitted,

PATTERSON BELKNAP WEBB & TYLER LLP

By:

Geoffrey Potter
Timothy A. Waters
1133 Avenue of the Americas
New York, NY 10036-6710
Tel:    (212) 336-2000
Fax:    (212) 336-2222
gpotter@pbwt.com
twaters@pbwt.com

*Counsel for Plaintiffs Gilead Sciences, Inc. and Gilead Sciences Ireland UC*

RIVKIN RADLER LLP

By:

Kenneth C. (Casey) Murphy
926 RXR Plaza
Uniondale, NY 11556-0926
(516)-357-3000
Casey.Murphy@rivkin.com

*Counsel for Defendant Jonathan Abramov*

SO ORDERED

s/Carol Bagley Amon

CAROL BAGLEY AMON
UNITED STATES DISTRICT JUDGE

Issued: April 28 2026

4922-2630-3909, v. 1

3