UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

GILEAD SCIENCES, INC., *et al.*,    :

                      Plaintiffs,    :    Case No. 26-cv-2172 (CBA) (CHK)

                      :

v.    :

                      :    **FILED UNDER SEAL**

PAIN RELIEF RX, INC., *et al.*,    :    **PURSUANT TO 15 U.S.C. § 1116(d)**

                      :

                Defendants.    :

---------------------------------------------------------------

### STIPULATION AND [PROPOSED] ORDER
### ENTERING A PRELIMINARY INJUNCTION AND CONFIRMING THE
### *EX PARTE* SEIZURE AS TO THE LEVY DEFENDANTS

WHEREAS, on April 14, 2026, Plaintiffs Gilead Sciences, Inc. and Gilead Sciences Ireland UC (collectively, "Plaintiffs" or "Gilead") filed their Complaint against, *inter alia*, Defendants Lumix Pharmacy Inc., Ariel Levy, Alex Levy, Daniel Levy, Susana Levy, David Levy, Benjamin Levy, Marina Davidov, Zoya Meirov, Gerda Shimunova, Galaxy Pharmacy Inc., ClearRx Pharmacy Inc., Ez Max Pharmacy Inc., MDRx Pharmacy Inc., SkyRx Pharmacy Inc., and Spectra Pharmacy Inc., (collectively, the "Levy Defendants"), and sought a temporary restraining order, asset freeze order, and expedited discovery order against all the Levy Defendants, and a seizure order against Defendant Lumix Pharmacy Inc.;

WHEREAS, on April 17, 2026, the Honorable Carol B. Amon entered a temporary restraining order, asset freeze order, and expedited discovery order against all the Levy Defendants, and a seizure order against Defendant Lumix Pharmacy Inc.;

WHEREAS, on April 21, 2026, the Court's *ex parte* seizure order was executed at the premises of Lumix Pharmacy Inc.;

1

WHEREAS, in order to avoid the burden and expense of a preliminary injunction hearing and seizure confirmation hearing, Plaintiffs and the Levy Defendants wish to stipulate to a preliminary injunction without a bond and to confirm the *ex parte* seizure of Lumix Pharmacy Inc.;

NOW THEREFORE, UPON THE STIPULATION AND AGREEMENT by and between the undersigned counsel for Plaintiffs and counsel for the Levy Defendants, it is hereby ORDERED that:

1. The Levy Defendants and their principals, agents, officers, directors, members, servants, employees, successors, assigns, and all other persons in concert and participation with them pending the final hearing and determination of this action, are preliminarily enjoined from importing, purchasing, selling, distributing, marketing, or otherwise using in commerce in the United States any Gilead Products (as defined below), including authentic products, or assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in this paragraph.

2. The "Gilead Products" are defined as all products manufactured by or sold by Gilead or its subsidiaries in the United States, including but not limited to all products bearing anywhere any of the Gilead Marks (as defined below),[1] whether on the product itself or any of its packaging.

---

[1] The Gilead Marks are defined as follows:

| Trademark | Registration Number | Registration Date |
|---|---|---|
| GILEAD | 3251595 | June 12, 2007 |
|  | 2656314 | December 3, 2002 |
| GSI | 3890252 | December 14, 2010 |
| BIKTARVY | 5344455 | November 28, 2017 |
| DESCOVY | 4876632 | December 29, 2015 |
| DESCOVY FOR PREP | 5912591 | November 19, 2019 |
| 9883 | 5467392 | May 15, 2018 |

2

3. Plaintiffs and the Levy Defendants agree that, as among them, there are no issues to address at the hearing scheduled for April 29, 2026, with respect to the Order to Show Cause and/or the confirmation of the Seizure Order. The Levy Defendants waive any and all rights they might have to a hearing to contest the issuance of a preliminary injunction and agree to the entry of a preliminary injunction as requested by Plaintiffs without a hearing as memorialized in this Stipulation.

4. As to the Levy Defendants, Plaintiffs and their surety U.S. Specialty Insurance Company are released from any and all liability under Bond Number 1001220715 and any liability under or as a result of the seizure order signed by the Court in this case on April 17, 2026, or the execution thereof, and the seizure is hereby confirmed.

5. The Levy Defendants acknowledge and accept service of all papers that had been filed in this action prior to April 21, 2026, including the summons, complaint, temporary

| | 5636131 | December 25, 2018 |
|---|---|---|
| | 5906177 | November 12, 2019 |
| | 5030567 | August 30, 2016 |
| | 5154303 | March 7, 2017 |
| TRUVADA | 2915213 | December 28, 2004 |
| GENVOYA | 4797730 | August 25, 2015 |
| ATRIPLA | 3276743 | August 7, 2007 |
| RANEXA | 3094007 | May 16, 2006 |
| VOSEVI | 5259592 | August 8, 2017 |
| STRIBILD | 4263613 | December 25, 2012 |
| | 6031751 | April 14, 2020 |
| SOVALDI | 4468665 | January 21, 2014 |
| | 5018106 | August 9, 2016 |
| 7977 | 4585257 | August 12, 2014 |

restraining order, asset freeze order, expedited discovery order, and *ex parte* seizure order, and shall not contest the sufficiency of service.

6.    The Levy Defendants have no objection to this case being unsealed.

7.    Nothing in this stipulation shall constitute or be treated as an admission by any party, including an admission of any liability, wrongdoing, or violation of law.  Plaintiffs and the Levy Defendants do not waive and reserve all rights and remedies not specifically addressed herein.

8.    Nothing in this stipulation modifies the asset freeze order or expedited discovery order entered by this Court against the Levy Defendants on April 17, 2026, or the seizure order entered by this Court against Lumix Pharmacy Inc. on April 17, 2026, and the Levy Defendants shall comply with the terms of those orders.

9.    The Court's April 17, 2026, asset freeze order is converted into a preliminary injunction, and except to the extent inconsistent with this order, the provisions of that order shall remain in effect.

10.    Signatures transmitted electronically or by facsimile shall be deemed original.

4

Dated: April 24, 2026

Respectfully submitted,

| PATTERSON BELKNAP WEBB & TYLER LLP | THE YITZHAK LAW GROUP |
|---|---|
| By:<br><br>_Jeffry Potter_<br>Geoffrey Potter<br>Timothy A. Waters<br>Isaac J. Weingram<br>Caroline Zielinski<br>Anna Petrocelli<br>1133 Avenue of the Americas<br>New York, NY 10036-6710<br>Tel:     (212) 336-2000<br>Fax:     (212) 336-2222<br>gpotter@pbwt.com<br>twaters@pbwt.com<br>iweingram@pbwt.com<br>czielinski@pbwt.com<br>apetrocelli@pbwt.com<br><br>_Counsel for Plaintiffs Gilead Sciences, Inc. and Gilead Sciences Ireland UC_ | By:<br><br>_Erica Itzhak_<br>Erica T. Itzhak<br><br>185 Great Neck Road, Suite 442<br>Great Neck, New York 11021<br>Phone (516) 466-7144<br>Facsimile: (516) 466-7145<br>Mobile: (917) 334-5181<br>Email: erica@etylaw.com<br><br>_Counsel for Defendants Lumix Pharmacy Inc., Ariel Levy, Alex Levy, Daniel Levy, Susana Levy, David Levy, Benjamin Levy, Marina Davidov, Zoya Meirov, Gerda Shimunova, Galaxy Pharmacy Inc., ClearRx Pharmacy Inc., Ez Max Pharmacy Inc., MDRx Pharmacy Inc., SkyRx Pharmacy Inc., and Spectra Pharmacy Inc._ |

SO ORDERED

_s/Carol Bagley Amon_
CAROL BAGLEY AMON
UNITED STATES DISTRICT JUDGE

Issued: April 28, 2026

5