**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

GILEAD SCIENCES, INC., *et al.*,     :
                                      :
                      Plaintiffs,     :
                                      :     Case No. 26-cv-2172 (CBA) (CHK)
v.                                    :
                                      :
PAIN RELIEF RX, INC., *et al.*,       :
                                      :
                      Defendants.     :

---------------------------------------------------------------

## DECLARATION OF ISAAC J. WEINGRAM

ISAAC J. WEINGRAM, pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1.      I am an associate at the law firm Patterson Belknap Webb & Tyler LLP, attorneys for Plaintiffs Gilead Sciences, Inc. and Gilead Sciences Ireland UC (together, "Gilead" or "Plaintiffs").

2.      I submit this declaration in support of Gilead's Proposed Order to Show Cause for Contempt Sanctions and an Order to Compel Against the Levy Family Defendants.

**I.      Statement Pursuant to Civil Local Rule 6.1(d)**

3.      Pursuant to Civil Local Rule 6.1(d), I state that good cause exists for seeking relief via proposed Order to Show Cause and not by notice of motion for the reasons stated in the accompanying memorandum of law.  Briefly summarized, the documents and information that the Levy Family Defendants have not produced is vital to Gilead's attempts to track down and stop the further distribution of counterfeit Gilead-branded HIV medicines; the Court has already ordered the "immediate[]" disclosure of information in its Seizure Order; and the Court has issued an Expedited Discovery Order requiring the production of certain documents and information, including documents concerning the counterfeit Gilead-branded HIV medicine at

issue, on an expedited basis.  As noted herein, Gilead held a meet-and-confer session with counsel for the Levy Family Defendants on May 12, 2026, and provided notice that it intended to file an emergency motion for the relief stated herein.

4.      Pursuant to Civil Local Rule 6.1(d), I state that Gilead has not previously filed a motion for the relief sought in the proposed Order to Show Cause.  Gilead did, however, at the outset of this litigation seek emergency *ex parte* relief for, among other things, the issuance of the Seizure Order and Expedited Discovery Order that are at issue in the proposed Order to Show Cause.

## II.      Gilead's Seizure at Lumix Pharmacy Inc.

5.      On April 21, 2026, with the assistance of the New York County Sheriff's Office, Gilead executed this Court's April 17, 2026 Seizure Order (Dkt. No. 15) at Lumix Pharmacy Inc. ("Lumix").

6.      Gilead's counsel, including myself, and Gilead's investigators met officers from the New York County Sheriff's Office near Lumix's premises at 79-08 Jamaica Avenue, Woodhaven, New York 11421 around 8:00 a.m.

7.      At the time we arrived, Lumix was closed and the rollgate was down.

8.      After waiting about an hour to see if anyone would come to open the pharmacy, at around 9:00 a.m., I called a phone number we understood to be associated with Ariel Levy, the individual identified in public records as Lumix's principal and owner.  An individual answered, who confirmed that he was Ariel Levy.  I informed him that I was an attorney for Gilead and that we were executing a court-ordered seizure at Lumix.  I asked Ariel Levy if he would come to open the pharmacy so that we could proceed with the seizure.  Ariel Levy stated that he was in New Jersey and indicated that it would take him more than an hour to arrive, but said that he would come to open the pharmacy.

2

9.      About half an hour later, around 9:30 a.m., an individual arrived at Lumix who identified himself as Ariel Levy, and I provided him with a copy of the Seizure Order. Ariel Levy attempted to open the rollgate, but after trying said that he had brought the wrong keys. He said that he would get the correct keys from his home in Rego Park, New York and return to open the pharmacy.

10.      Ariel Levy returned to Lumix around 10:30 a.m., opened the rollgate, and unlocked the doors to the pharmacy.

11.      The pharmacy was virtually empty. There was some unopened mail on the counter, a few documents in drawers – including a copy of Lumix's pharmacy license, some test prescriptions for Rogaine, and a price list that did not include Gilead products – three computers that contained no files beyond those that come preloaded with a new computer, a scale, some graduated cylinders, a mortar and pestle, a small, empty refrigerator, and a surveillance system that appeared to be disconnected.



12.      In addition to the Seizure Order that I had previously provided Ariel Levy, one of Gilead's investigators served a complete set of the filings in the case upon Ariel Levy, including the Summons and Complaint, the Seizure Order, the Temporary Restraining Order, the Asset

Freeze Order, and the Expedited Discovery Order.  We also left an additional set of those papers at Lumix.

### III.    Gilead's Requests for Production

13.    On May 1, 2026, pursuant to the Expedited Discovery Order in this matter, I served by email a copy of Gilead's First Set of Requests for Production on counsel for Ariel Levy, Alex Levy, Daniel Levy, Susana Levy, Benjamin Levy, David Levy, Marina Davidov, Zoya Meirov, Gerda Shimunova, Lumix, Galaxy Pharmacy Inc., ClearRx Pharmacy Inc., Ez Max Pharmacy Inc., MDRx Pharmacy Inc., SkyRx Pharmacy Inc., and Spectra Pharmacy Inc (collectively the "Levy Family Defendants"), a true and correct copy of which are attached as **Exhibit A**.

14.    On May 7, the evening before the Levy Family Defendants' responses to Gilead's Requests for Production were due, at the request of counsel for the Levy Family Defendants, Gilead provided an extension for those responses until Monday, May 11.  A true and correct of the Levy Family Defendants' responses to Gilead's Requests for Production, dated May 11, 2026, are attached as **Exhibit B**.

15.    On May 12, 2026, counsel for Gilead and counsel for the Levy Family Defendants held a meet-and-confer session to discuss, among other things, the Levy Family Defendants' responses to Gilead's Requests for Production.  The parties were unable to resolve their dispute with regard to the Levy Family Defendants' responses to Gilead's Requests for Production, based largely on the Levy Family Defendants' representation that they had no responsive documents to produce and Gilead's stated belief that such a position was not credible under the circumstances.

## IV.     Lumix and Ariel Levy's Response to the Seizure Order

16.     Counsel for Gilead has repeatedly reminded counsel for the Levy Family Defendants of their obligation to "immediately" produce documents and information under the Seizure Order.

17.     On May 7, 2026, emphasizing the risk to patient health and safety at issue, counsel for Gilead informed counsel for the Levy Family Defendants that if the documents and information required under the Seizure Order were not produced by Monday, May 11, Gilead intended to move for contempt sanctions.

18.     The Levy Family Defendants have never produced any of the documents or information required by the Seizure Order.

19.     On the May 12, 2026 meet-and-confer call, Gilead addressed the Levy Family Defendants' failure to comply with the Seizure Order. Counsel for the Levy Family Defendants stated their position that they had no responsive documents or information to produce under the Seizure Order. Counsel for Gilead stated that position was not credible and that Gilead intended to move forward with the previously discussed motion for sanctions on an urgent basis.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on May 18, 2026
New York, New York

ISAAC J. WEINGRAM

5