# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

GILEAD SCIENCES, INC. *et al.*,

                      Plaintiffs,

v.

PAIN RELIEF RX, INC., *et al*.,

                      Defendants.

Case No. 26-CV-2172 (CBA) (CHK)

**PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS TO DEFENDANTS ARIEL LEVY, ALEX LEVY, DANIEL LEVY, SUSANA LEVY, BENJAMIN LEVY, MARINA DAVIDOV, ZOYA MEIROV, GERDA SHIMUNOVA, LUMIX PHARMACY, INC., GALAXY PHARMACY INC., CLEARRX PHARMACY INC., EZ MAX PHARMACY INC., MDRX PHARMACY INC., SKYRX PHARMACY INC., AND SPECTRA PHARMACY INC.**

-----------------------------------------------------------------x

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Gilead Sciences, Inc. and Gilead Sciences Ireland UC (together, "Gilead" or "Plaintiffs") hereby request that Defendants Ariel Levy, Alex Levy, Daniel Levy, Susana Levy, Benjamin Levy, Marina Davidov, Zoya Meirov, Gerda Shimunova, Lumix Pharamcy, Inc., Galaxy Pharmacy Inc., ClearRx Pharmacy Inc., Ez Max Pharmacy Inc., MDRx Pharmacy Inc., SkyRx Pharmacy Inc., and Spectra Pharmacy Inc. (collectively the "Levy Family Defendants") produce for inspection and copying all non-privileged documents designated below that are in their possession, custody, or control.

Pursuant to the Expedited Party Discovery Order, production must occur within seven days of service of these requests, on or before May 8, 2026.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All documents and communications concerning:

(a) Lumix Pharamcy, Inc.,

(b) Galaxy Pharmacy Inc.,

(c) ClearRx Pharmacy Inc.,

(d) Ez Max Pharmacy Inc.,

(e) MDRx Pharmacy Inc.,

(f) SkyRx Pharmacy Inc.,

(g) Spectra Pharmacy Inc.,

(h) or any other pharmacy You have owned, have a beneficial interest in, have

managed, or have controlled.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications concerning:

(a) Richard Galanti,

(b) Stephen Davis,

(c) Sohail Malkoukian,

(d) Diana Shalev,

(e) Michael Barayev,

(f) Michael Levy,

(g) or any other pharmacist that has been associated with a pharmacy You have

owned, have a beneficial interest in, have managed, or have controlled.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and communications concerning:

(a) Khaim Mullokandov,

(b) Eleanora Mullokandova, or

(c) Vladislav Plishtiyev.

2

**REQUEST FOR PRODUCTION NO. 4:**

All documents and communications concerning:

(a) Jonathan Abramov,

(b) George Abramov, or

(c) Eduard Abramov.

**REQUEST FOR PRODUCTION NO. 5:**

Any license(s), registration(s), permit(s), and/or any other document(s) authorizing or otherwise permitting You and/or any Entity you own, have a beneficial interest in, manage, or control to engage in the commercial procurement, purchase, distribution, offer for sale, and/or sale of Gilead-branded medicines.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and communications concerning Your actual or potential procurement, purchase, offer for sale, sale, transfer, distribution, or advertising of Gilead-branded medicines by You and/or any Entity you own or have a beneficial interest in, manage, or control.  This includes but is not limited to all pedigree/T3 documents, emails, text messages or other electronic messages, purchase orders, invoices, memos, and internal documents related to Your handling of Gilead-branded medicines.

**REQUEST FOR PRODUCTION NO. 7:**

All communications with all companies and individuals involved with the purchase or sale of Gilead-branded medicines to You or on Your behalf.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications concerning offers to purchase Gilead-branded medicines whether or not such purchases were consummated.

3

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications concerning pedigree documentation or "T3" documentation for Gilead-branded medicines, including any T3/pedigree/DSCSA documentation accompanying any Gilead-branded medicine that You purchased, distributed, and/or sold from January 1, 2020 to the Present.

**REQUEST FOR PRODUCTION NO. 10:**

All documents concerning the payment of funds by You for the purchase of Gilead-branded medicines, including all wire transfer records, checks, and/or bank statements.

**REQUEST FOR PRODUCTION NO. 11:**

All documents sufficient to show the disposition of any funds You received in connection with the procurement, purchase, or sale of any Gilead-branded medicines, including all wire transfer records, checks, or bank statements.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and communications concerning any claims for reimbursement submitted to any state or federal government entity by You in connection with the procurement, purchase, distribution, offer for sale, and/or sale of any Gilead-branded medicine.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and communications exchanged between You and any local, state, or federal regulatory or law enforcement agency concerning Gilead-branded medicines, including but not limited to communications with any state or local regulatory body, the Food and Drug Administration, the Department of Justice, the Federal Bureau of Investigation, and any United States Attorney's Office.

4

**REQUEST FOR PRODUCTION NO. 14:**

All documents and communications concerning Your membership in online pharmaceutical marketplaces, including but not limited to the Entities listed in Schedule A.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and communications concerning the actual or attempted purchase and the actual or attempted sale of BIKTARVY® bearing serial number 439222840034 and lot number 10011297, including the purchase orders, invoices, payments, receipts, shipping documents, bills of lading, T3/pedigree/DSCSA forms, documents submitted to any pharmaceutical marketplace, and any other documents or communications concerning such actual or attempted transactions, whether or not such transactions were consummated.

**REQUEST FOR PRODUCTION NO. 16:**

All documents and communications concerning the actual or attempted purchase and the actual or attempted sale of DESCOVY® bearing serial number 611162184589and lot number 7749303A, including the purchase orders, invoices, payments, receipts, shipping documents, bills of lading, T3/pedigree/DSCSA forms, documents submitted to any pharmaceutical marketplace, and any other documents or communications concerning such actual or attempted transactions, whether or not such transactions were consummated.

**REQUEST FOR PRODUCTION NO. 17:**

All documents and communications concerning the actual or attempted purchase and the actual or attempted sale of BIKTARVY® bearing serial number 658278281318and lot number CTNVWA, including the purchase orders, invoices, payments, receipts, shipping documents, bills of lading, T3/pedigree/DSCSA forms, documents submitted to any pharmaceutical marketplace, and any other documents or communications concerning such actual or attempted transactions, whether or not such transactions were consummated.

**REQUEST FOR PRODUCTION NO. 18:**

All documents and communications concerning the actual or attempted purchase and the actual or attempted sale of DESCOVY® bearing serial number 369292659620 lot number 7682208A, including the purchase orders, invoices, payments, receipts, shipping documents, bills of lading, T3/pedigree/DSCSA forms, documents submitted to any pharmaceutical marketplace, and any other documents or communications concerning such actual or attempted transactions, whether or not such transactions were consummated.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and communications concerning the actual or attempted purchase and the actual or attempted sale of DESCOVY® bearing serial number 304226586246lot number 7682208A, including the purchase orders, invoices, payments, receipts, shipping documents, bills of lading, T3/pedigree/DSCSA forms, documents submitted to any pharmaceutical marketplace, and any other documents or communications concerning such actual or attempted transactions, whether or not such transactions were consummated.

**REQUEST FOR PRODUCTION NO. 20:**

All documents and communications concerning Your process, policies, and procedures concerning or applying to establishing the authenticity of any Gilead medicines or purported Gilead medicines, including but not limited to pedigree documentation or "T3" documentation for Gilead-branded medicines.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and communications concerning Your storage or transportation of Gilead-branded medicines.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and communications concerning any known, reported, or suspected counterfeit Gilead-branded medicines, including but not limited to counterfeits with the wrong pills in the bottle, counterfeit packaging, counterfeit patient information documents, or counterfeit pedigrees.

**REQUEST FOR PRODUCTION NO. 23:**

All documents and communications concerning the actual or attempted creation, modification, alteration, or copying of all or part of labels for Gilead-branded medicines, including but not limited to BIKTARVY® and DESCOVY®.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and communications concerning previously-dispensed or re-dispensed bottles of Gilead-branded medicine, including but not limited to documents and communications concerning the repurchase of Gilead-branded medicine from patients.

**REQUEST FOR PRODUCTION NO. 25:**

All documents and communications reflecting Your investigations concerning suspect Gilead-branded product (as that term is defined by 21 USC § 360eee).

**REQUEST FOR PRODUCTION NO. 26:**

All documents and communications concerning previously-dispensed or re-dispensed bottles of medicine, including but not limited to documents and communications concerning the repurchase of medicine from patients.

**REQUEST FOR PRODUCTION NO. 27:**

All documents and communications reflecting Your investigations concerning suspect product (as that term is defined by 21 USC § 360eee).

7

**REQUEST FOR PRODUCTION NO. 28:**

All documents concerning any known, reported, or suspected false or incorrect pedigree documentation or "T3" documentation for Gilead-branded medicines that You received, procured, purchased, distributed, offered for sale, and/or sold.

**REQUEST FOR PRODUCTION NO. 29:**

All documents and communications concerning any complaints, problems, or other issues concerning Gilead-branded medicines that You received, procured, purchased, distributed, offered for sale, and/or sold.

**REQUEST FOR PRODUCTION NO. 30:**

Documents sufficient to show all ownership interests, either direct or indirect (through another Entity or otherwise), you currently have or have had in any Entity. Such documents must be sufficient to show the (1) date of acquisition or creation of the ownership interest, (2) amount paid for such interest, if any, (3) prior owner of the interest, if any, (4) co- or joint-owners of the Entity, if any, and (5) date of sale, counterparty, and amount You sold the interest for, if applicable. You need not disclose ownership interests in publicly-traded Entities.

**REQUEST FOR PRODUCTION NO. 31:**

All documents and communications relating to any actual or attempted transactions of Gilead-branded medicines, whether or not such transactions were consummated, between You or any pharmacy You own or operate or have previously owned or operated, in whole, or in part and Pain Relief Rx. Inc., Linden Blvd. Rx. Inc. , and Trinity Global Pharmacy LLC, d/b/a Michael's Pharmacy.

**REQUEST FOR PRODUCTION NO. 32:**

Documents sufficient to show any bank, brokerage, exchange, money-market, digital payment, cryptocurrency, or other account You own, control, have a beneficial interest in, or

8

have signatory authority over. Such documents must be sufficient to show (1) the account or other identifying number, (2) the institution, (3) the account owner and any Individuals with signatory authority, and (4) the present balance.

**REQUEST FOR PRODUCTION NO. 33:**

All non-privileged documents and communications You rely upon to formulate Your responses to any interrogatories that Gilead serves on You in this action.

<u>**DEFINITIONS AND INSTRUCTIONS**</u>

1.    Unless otherwise specified, the relevant time period for each request set forth above is January 1, 2020 to the present.

2.    "**Counterfeit**" means using a spurious mark that is identical with or substantially indistinguishable from Gilead's registered marks in connection with the procurement, purchase, distribution, offer for sale and/or sale of any Gilead-branded medicine and/or accompanying documentation or packaging, the use of which is likely to cause confusion or mistake, or to deceive.

3.    "**Entity**" or "**Entities**" means any corporation (whether closely held, registered with a secretary of state, publicly traded, privately held, or otherwise), partnership of any kind, limited liability company of any kind, trust or estate of any kind, and/or any legally distinct entity other than a natural person.

4.    "**Gilead**" means Gilead Sciences, Inc. and Gilead Sciences Ireland UC in the broadest sense consistent with the Federal Rules of Civil Procedure ("FRCP"), including but not limited to, their officers, directors, employees and partners, their subsidiaries and affiliates, and all persons and entities acting on their behalf or as their representative or agent.

5.    "**Gilead-Branded Medicine**" means any medicine bearing the "Gilead" brand name or manufactured by Gilead, including but not limited to BIKTARVY®,

9

DESCOVY®, DESCOVY FOR PREP®, TRUVADA®, GENVOYA®, ATRIPLA®, RANEXA®, VOSEVI®, STRIBILD®, AND SOVALDI®, and any other pharmaceutical product bearing Gilead's name.

6. "**Individual**" or "**Individuals**" mean any natural person and/or multiple natural people.

7. "**You**" or "**Your**" means Ariel Levy, Alex Levy, Daniel Levy, Susana Levy, Benjamin Levy, Marina Davidov, Zoya Meirov, Gerda Shimunova, Lumix Pharmacy, Inc., Galaxy Pharmacy Inc., ClearRx Pharmacy Inc., Ez Max Pharmacy Inc., MDRx Pharmacy Inc., SkyRx Pharmacy Inc., or Spectra Pharmacy Inc., in the broadest sense consistent with the FRCP, including but not limited to, the officers, directors, employees and partners of Lumix Pharmacy, Inc., Galaxy Pharmacy Inc., ClearRx Pharmacy Inc., Ez Max Pharmacy Inc., MDRx Pharmacy Inc., SkyRx Pharmacy Inc., and Spectra Pharmacy Inc., their subsidiaries and affiliates, and all persons and entities acting on their behalf or as their representative or agent.

8. Where a claim of privilege is asserted with respect to any document request either in whole or in part, You shall comply with the requirements of Federal Rule of Civil Procedure 26.

9. If a responsive document was, but no longer is, within Your possession, custody, or control, please state in detail:

(a)  the type of document and the author(s), sender(s), recipient(s), and copyee(s) of the document;

(b)  a summary of the contents of the document;

(c)  what disposition was made of such document;

(d)  the date of such disposition;

10

(e)      whether the original or a copy thereof is within the possession, custody, or control of any other person; and

(f)      if the answer to (e) is affirmative, the identity of such person.

10.      The terms "all," "any," and "each" shall each be construed as encompassing any and all; the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope; the use of the singular form of any word includes the plural and vice versa.

11.      The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

12.      The terms "including," "include," or "includes" are used in their broadest sense and are not meant to be limiting.  Any list following these terms contains illustrative examples, but the list is not exclusive or exhaustive.

13.      The term "person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

14.      The term "communication" means the transmittal of information (in the form of facts, ideas, inquires, or otherwise), and includes but is not limited to electronic communications, such as emails, text messages, and messages on other messaging platforms such as WhatsApp.

15.      The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning of this term.

11

16.     You shall produce responsive documents as they have been kept in the usual course of business or shall organize and label them to correspond to the enumerated requests of this demand.  If You have no documents responsive to a particular category, You shall so state in writing.

17.     These document requests are intended to cover all documents and things in Your charge or possession as well as those subject to Your custody or control, whether in Your possession, at the office of Your attorneys, or at any other place or in the possession of any other person or entity subject to Your control, including emails and other information stored on web-based servers such as Yahoo.com or Gmail.com.

18.     You shall take immediate steps to preserve all documents responsive to these requests, including electronic data that may exist on backup and/or other archived electronic computerized data compilations.  These measures must include, but are not limited to, discontinuation of all data destruction and backup tape recycling policies applicable to such documents.

19.     These discovery requests are continuing in nature, and you are required to produce additional documents promptly if you obtain further, additional, or different information or documents prior to the trial of this matter.

Dated: May 1, 2026

PATTERSON BELKNAP WEBB & TYLER LLP

By: _____

Geoffrey Potter
Timothy A. Waters
Isaac Weingram
Caroline Zielinski

12

Anna Petrocelli
1133 Avenue of the Americas
New York, NY 10036-6710
T: 212-336-2000
F: 212-336-2222
E: gpotter@pbwt.com
  twaters@pbwt.com
  iweingram@pbwt.com
  czielinski@pbwt.com
  apetrocelli@pbwt.com

*Attorneys for Plaintiffs*
*Gilead Sciences, Inc. and*
*Gilead Sciences Ireland UC.*

**Schedule A**

1.  www.MatchRx.com

2.  www.RxWorld.com

3.  www.Rxeed.com

4.  www.Rx-Post.com

5.  www.PrimeRx.io

6.  www.InStockRx.com

7.  www.HealthSourceDistributors.com

8.  www.EzriRx.com

9.  www.WasatchRx.com

10. www.TradeNetRx.com

11. www.Trxade.com

12. www.InStockRx.com

13. www.CityRx.com