# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GILEAD SCIENCES, INC. et al., | Case No. 26-cv-2172 |
| Plaintiff, | |
| - against – | **DEFENDANT'S RESPONSE TO DEFENDANTS' DOCUMENT DEMAND** |
| PAIN RELIEF RX, INC., et al., | |
| Defendants. | |

**PLEASE TAKE NOTICE** that Defendants, ARIEL LEVY, ALEX LEVY, DANIEL LEVY, SUSANA LEVY, BENJAMIN LEVY, MARINA DAVIDOV, ZOYA MEIROV, GERDA SHIMUNOVA, LUMIX PHARMACY INC., GALAXY PHARMACY INC., CLEARRX PHARMACY INC., EZ MAX PHARMACY INC., MDRX PHARMACY INC., SKYRX PHARMACY INC., and SPECTRA PHARMACY INC., by their attorneys, THE YITZHAK LAW GROUP, responds to Plaintiff's First set of Documents Requests as follows:

## GENERAL OBJECTIONS

A. Defendants object to the production of any information or documents that are privileged, including without limitation, those prepared in anticipation of litigation, attorney-client privilege, constitutes work product and/or any other applicable privilege or doctrine.

B. Defendants object to producing any information or documents that contain confidential or proprietary business information without sufficient safeguards to protect the confidential and proprietary nature of such documents.

C. Only those documents in the possession, control and custody of Defendants at the time of this response will be produced and objections to the production of documents previously

produced by Plaintiffs during discovery. Defendants object to producing any documents that come into its possession, custody and control in the form of copies produced by any other party during discovery.

D. Defendants object to each and every request to the extent that it is vague, overly broad, unduly burdensome or fails to provide reasonable limitations of time for information and documents subject to production that either calculated or intended to harass or for which sufficient precision to permit an informed response.

E. Defendants object to each and every request to the extent that it purports to request Information that is not relevant to the subject matter or claims involved in the pending action or that is reasonably calculated to lead to the discovery of admissible evidence.

F. Defendants object to each and every request to the extent that it purports to seek production or identification of documents obtained by Defendant's counsel as part of discovery, trial preparation, investigation, or case development.

G. Defendants do not concede the relevancy, materiality, competency or admissibility as evidence of the information requested and, notwithstanding any response or production made in response thereto, Defendants reserve the right to object at trial to the admissibility of any responsive documents.

H. Defendants object to each request insofar as it seeks information and documents otherwise equally available to Plaintiff.

## SPECIFIC RESPONSES AND OBJECTIONS

1.  Defendants state that Lumix Pharmacy Inc. operated approximately January 1, 2025 through April 2026. Galaxy Pharmacy Inc. operated approximately June 14, 2022, through December 19, 2023. ClearRx Pharmacy Inc. operated approximately on July 17, 2023 through August 31, 2024. EZ Max Pharmacy Inc. operated approximately September 21, 2023, through July 19, 2024. MDRx Pharmacy Inc. operated approximately November 22, 2023, through April 30, 2024. SkyRx Pharmacy Inc. operated approximately June 16, 2023, through July 31, 2024. Spectra Pharmacy Inc. operated approximately August 9, 2023, through March 31, 2024. Defendants further state that email accounts associated with these pharmacies are no longer accessible. Defendants further identify, to the extent responsive to subsection (h), Bingo Pharmacy Inc., a retail pharmacy associated with Defendant Susana Levy, located in Astoria, operating approximately from 2019 through 2021.

2.  Defendants state that, to the extent responsive documents exist, such documents would relate solely to Lumix Pharmacy Inc. and Richard Galanti. Defendants further state that any relationship involving Richard Galanti was facilitated through an agency, that there were no in-person meetings, and that any communications and signatures, if any, were conducted digitally/electronically only. Defendants further state that they do not remember the names of pharmacists associated with any other entity responsive to this request, if any, and understand that such relationships, if any, were through the same agency and they no longer have any paperwork for any of the entities and their arrangements with the agency.

3.  Defendants are currently not in possession of documents responsive to this request.

4.  Defendants are currently not in possession of documents responsive to this request.

5.  Defendants are currently not in possession of documents responsive to this request.

6. Defendants are currently not in possession of documents responsive to this request. Defendants further state that the RxEed account is locked for all Defendant entities, and RxEed never requested pedigree documents from them. To the extent responsive documents are later identified, Responding Defendants reserve the right to supplement this response.

7. Defendants are currently not in possession of documents responsive to this request. Defendants further state that the RxEed accounts are locked for all of the entities, RxEed never requested pedigree documents, and Defendants are not aware of responsive text messages, emails, or other communications within their possession, custody, or control.

8. Defendants have no responsive writings within their possession, custody, or control. To the extent responsive documents are later identified, Defendants reserve the right to supplement this response.

9. Defendants are not presently in possession of documents responsive to this Request.

10. Defendants are not presently in possession of documents responsive to this Request.

11. Defendants object to this Request to the extent it seeks confidential banking and financial information. Subject to and without waiving said objection, Defendants state that they do not presently have access to bank records responsive to this Request and will supplement if responsive documents become available.  Defendants are unable to obtain bank records at this time due to their accounts being restrained.

12. Defendants are not presently in possession of documents responsive to this Request.

13. Defendants are not presently in possession of documents responsive to this Request.

14. In addition to the General Objections, Defendants object to this Request as overly broad and unduly burdensome. Subject to and without waiving said objections, Defendants state that all the pharmacies are closed, the email accounts associated with the closed pharmacies are no

longer accessible and are closed.  Defendants are not presently in possession of responsive documents and will supplement if responsive documents become available..

15. Defendants are not presently in possession of documents responsive to this Request.

16. Defendants are not presently in possession of documents responsive to this Request.

17. Defendants are not presently in possession of documents responsive to this Request.

18. Defendants are not presently in possession of documents responsive to this Request.

19. Defendants are not presently in possession of documents responsive to this Request.

20. Defendants are not presently in possession of documents responsive to this Request.

21. Defendants state that any Gilead-branded medicines, if any, were stored at the pharmacy locations. After a reasonable search, Defendants are not presently in possession of documents responsive to this Request and will supplement if responsive documents become available..

22. Defendants are not presently in possession of documents responsive to this Request.

23. Defendants are not presently in possession of documents responsive to this Request.

24. Defendants are not presently in possession of documents responsive to this Request.

25. Defendants are not presently in possession of documents responsive to this Request.

26. Defendants are not presently in possession of documents responsive to this Request.

27. Defendants are not presently in possession of documents responsive to this Request.

28. Defendants are not presently in possession of documents responsive to this Request.

29. Defendants are not presently in possession of documents responsive to this Request.

30. Defendants state that responsive licensing and ownership records, to the extent they exist, are maintained by the applicable licensing or regulatory authorities and are not presently within Responding Defendants' possession, custody, or control and will supplement if responsive documents become available..

31. Defendants object to this Request as not applicable to the responding Defendants. Subject to and without waiving said objection, Defendants are not presently in possession of responsive documents.

32. Defendants object to this Request to the extent it seeks confidential banking, brokerage, financial, or personal account information. Subject to and without waiving said objection, Attached are non-privileged responsive documents in their possession, custody, or control sufficient to identify checking accounts, if any, but state that they do not presently have access to full bank statements.

33. Defendants are not presently in possession of documents responsive to this Request.

NOTICE IS HEREBY GIVEN that Defendants specifically reserve their rights at any time to revise, supplement, update, correct, add to, or clarify the above responses.

Dated: Great Neck, New York
        May 11, 2026

**THE YITZHAK LAW GROUP**
*Attorneys for Defendants*
By:  //s// Erica T. Itzhak
     Erica T. Itzhak Esq.
     185, Great Neck Road, Suite 442
     Great Neck, New York 11021
     (516) 466-7144

## Verification

**ARIEL LEVY** affirms under the penalties of perjury pursuant to the laws of the State of New York, which may include a fine or imprisonment, that I am a defendant in the within action and that the foregoing Response to the Request for Production is true to my own knowledge, except as to matters therein stated to be alleged on information and belief; and as to those matters I believe them to be true. I understand that this document may be filed in an action or proceeding in a court of law.

Dated: Queens, New York

     May 11, 2026

                                              Ariel Levy

6