UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------

GILEAD SCIENCES, INC., *et al.*,                          :

                       Plaintiffs,                          :          Case No. 26-cv-2172 (CBA) (CHK)

                                :

v.                                                       :

                                :

PAIN RELIEF RX, INC., *et al.*,                          :

                       Defendants.                          :

---------------------------------------------

## ORDER CONVERTING THE ASSET FREEZE ORDER AND TEMPORARY RESTRAINING ORDER DATED APRIL 17, 2026 TO PRELIMINARY INJUNCTIONS AGAINST CERTAIN DEFENDANTS

On April 14, 2026, Plaintiffs (together, "Gilead") initiated this action and moved for a Temporary Restraining Order and order to show cause for a Preliminary Injunction, an Expedited Discovery Order, an Asset Freeze Order, and a Seizure Order ("Plaintiffs' Motion for Preliminary Relief") alleging that Defendants had distributed counterfeit and trademark infringing Gilead-branded HIV medicines. Dkt. No. 3. Accompanying their motion, Plaintiffs submitted evidence substantiating these allegations. Dkt. Nos. 5-7.

Based on reasons specified in Plaintiffs' Motion for Preliminary Relief and the evidence submitted therewith, on April 17, 2026, this Court issued a Temporary Restraining Order (Dkt. No. 12) against – among others – Linden Blvd. Rx Inc. and Pain Relief Rx Inc., and an Asset Freeze Order (Dkt. No. 14) against – among others – Linden Blvd Rx Inc., Pain Relief Rx Inc., Trinity Global Pharmacy LLC, d/b/a Michael's Pharmacy, Michael Kaldas, Selvia Girgis, and Sildevie Tchiekoua Nguetcho.

The Temporary Restraining Order required Plaintiffs to "attempt in good faith to effect service of the Summons and Complaint, Asset Freeze Order, and this Order … within four (4) business days of" date of entry on Defendants. Dkt No. 12 at 4. The Temporary Restraining Order further ordered that any answering papers to the Temporary Restraining Order and Asset Freeze Order would "be filed by Defendants with this Court and served upon Plaintiffs' counsel … on or before April 24, 2026" and scheduled a show cause hearing for "April 29, 2026 at 11:00am …." *Id.* at 4-5. The Temporary Restraining Order provided that "failure of Defendants to respond to the Order to Show Cause by April 29, 2026 shall result in the automatic issuance of a preliminary injunction, which shall be deemed to take effect immediately and shall extend during the pendency of this action." *Id.* at 5.

The Asset Freeze Order similarly provided that "failure to file an opposition shall result in the immediate conversion of this Order into a preliminary injunction, which shall be deemed to take effect immediately and shall extend during the pendency of this action." Dkt No. 14 at ¶ 10.

Plaintiffs have filed proofs of service attesting to service upon Defendant Linden Blvd. Rx Inc. on April 21, 2026 (Dkt. No. 45); upon Defendant Selvia Girgis and Defendant Michael Kaldas, who is also the registered agent for Defendant Trinity Global Pharmacy LLC, d/b/a Michael's Pharmacy ("Michael's Pharmacy"), on April 22, 2026 (Dkt. No. 36); upon Defendant Sildevie Tchiekoua Nguetcho on April 23, 2026 (Dkt. No. 71) and upon Defendant Pain Relief Rx Inc. on April 28, 2026 (Dkt. No. 72).

Defendants Linden Blvd. Rx Inc. and Pain Relief Rx Inc. did not respond to the Temporary Restraining Order or the Asset Freeze Order prior to April 29, 2026, or at any time thereafter. Defendants Michael's Pharmacy, Michael Kaldas, Selvia Girgis, and Sildevie

Tchiekoua Nguetcho did not respond to the Asset Freeze Order prior to April 29, 2026, or at any time thereafter. On April 30, 2026, Plaintiffs filed a motion to convert the Asset Freeze Order and Temporary Restraining Order dated April 17, 2026 to Preliminary Injunctions against those Defendants. Dkt. No. 48.

In light of the evidence set forth in and accompanying Plaintiffs' Motion for Preliminary Relief; the reasons specified in that motion; the failure of Defendants Linden Blvd. Rx Inc. and Pain Relief Rx Inc. to oppose the Temporary Restraining Order; the failure of Defendants Linden Blvd. Rx Inc., Pain Relief Rx Inc., Michael's Pharmacy, Michael Kaldas, Selvia Girgis, and Sildevie Tchiekoua Nguetcho to oppose the Asset Freeze Order; and upon consideration of Plaintiffs' motion to convert the Asset Freeze Order and Temporary Restraining Order dated April 17, 2026 to preliminary injunctions against certain Defendants, it is hereby

**ORDERED** pursuant to Rule 65 of the Federal Rules of Civil Procedure, and the terms of the Temporary Restraining Order and Asset Freeze Order that Plaintiffs' motion to convert the Asset Freeze Order and Temporary Restraining Order dated April 17, 2026 to preliminary injunctions against certain defendants is **GRANTED**.

It is further **ORDERED** that the Temporary Restraining Order dated April 17, 2026 is hereby converted to a preliminary injunction pending the final hearing and determination of this action against Defendants Pain Relief Rx., Inc. and Linden Blvd. Rx., Inc., and it is hereby further

**ORDERED** that, pending further order of this Court, Defendants Pain Relief Rx, Inc. and Linden Blvd. Rx. Inc., (together, "Restrained Defendants"), and their principals, agents, officers, directors, members, servants, employees, successors, assigns and all other persons in concert and participation with them (collectively, the "Restrained Parties"), shall be preliminarily enjoined,

3

pending the final hearing and determination of this action, from engaging in any or all of the following acts:

1.      Purchasing, selling, distributing, marketing, or manufacturing any counterfeit or authentic product bearing any of the Gilead Marks (as defined herein), or otherwise using any of the Gilead Marks, or any marks confusingly similar thereto, in connection with any products. The "Gilead Marks" are defined as the following:

| Trademark | Registration Number | Registration Date |
|---|---|---|
| GILEAD | 3251595 | June 12, 2007 |
| | 2656314 | December 3, 2002 |
| GSI | 3890252 | December 14, 2010 |
| BIKTARVY | 5344455 | November 28, 2017 |
| DESCOVY | 4876632 | December 29, 2015 |
| DESCOVY FOR PREP | 5912591 | November 19, 2019 |
| 9883 | 5467392 | May 15, 2018 |
| | 5636131 | December 25, 2018 |
| | 5906177 | November 12, 2019 |
| | 5030567 | August 30, 2016 |

2.      Using any logo, trade name or trademark confusingly similar to any of the Gilead Marks which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of any or all of the defendants or of others are sponsored by, authorized by or in any way associated with Gilead;

3.      Infringing any of the Gilead Marks;

4.      Falsely representing any or all of Restrained Defendants as being connected with Gilead or sponsored by or associated with Plaintiffs or engaging in any act which is likely to cause the trade, retailers and/or members of the purchasing public to believe that any or all of Restrained Defendants are associated with Gilead;

4

5.      Using any reproduction, counterfeit, copy, or colorable imitation of any of the Gilead Marks in connection with the publicity, promotion, sale, or advertising of any product;

6.      Affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation including words or other symbols tending to falsely describe or represent such goods as being Gilead products, and from offering such goods in commerce;

7.      Removing from their premises, or discarding, destroying, transferring or disposing in any manner any information, computer files, electronic files, WhatsApp or text messages, business records (including but not limited to e-mail communications) or other documents or communications relating to Restrained Defendants' assets and operations or relating in any way to the purchase, sale, manufacture, offer for sale, distribution, negotiation, importation, advertisement, promotion, or receipt of any products purporting to be Gilead products, including without limitation any products bearing any of the Gilead Marks, including without limitation BIKTARVY® and DESCOVY®; and

8.      Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (1) through (7) above.

It is further **ORDERED** that the Asset Freeze Order dated April 17, 2026 is hereby converted to a preliminary injunction pending the final hearing and determination of this action against Defendants Pain Relief Rx., Inc., Linden Blvd. Rx., Inc., Trinity Global Pharmacy LLC, d/b/a Michael's Pharmacy, Michael Kaldas, Selvia Girgis, and Sildevie Tchiekoua Nguetcho (collectively the "Enjoined Defendants"), and it is further **ORDERED** that:

1.      All assets held by, for, or on account of any of the Enjoined Defendants shall be frozen and restrained, and all persons and entities holding such assets, including all persons and entities in active concert and participation with any of the Enjoined Defendants, whether acting

5

directly or through any entity, corporation, subsidiary, division, affiliate or other device, shall be restrained from spending, secreting, transferring, or conveying any assets held by, for, or on account of any of the Enjoined Defendants.

2.  The assets affected by this Order shall include both existing assets and assets acquired after the effective date of this Order.

3.  The **Enjoined Defendants**, including any person in active concert and participation with any of them, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, shall be restrained from:

a.  secreting, transferring, conveying, converting, mortgaging, encumbering, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, perfecting a security interest in, or otherwise disposing of any funds, the real property listed in paragraph 3(a)(4) of this Order, personal property acquired after June 2022, cryptocurrency, accounts, contracts, or other assets, wherever located, including outside the United States. This includes, but is in no way limited to such assets that are:

1)  owned or controlled by, or in the actual or constructive possession of any Enjoined Defendant:

2)  owned or controlled by, or held for the benefit of, directly or indirectly, any Enjoined Defendant, in whole or in part;

3)  owned or controlled by, or in the actual or constructive possession of or otherwise held for the benefit of, any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Enjoined Defendant, including, but not

6

limited to, any assets held by, for, or subject to access by, any of the Enjoined Defendants at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company, or other financial institution or depository of any kind;

4)    the following real property:

a)    101 Baker Street, Maplewood, NJ 07040 (purchased on May 7, 2025 by Better Houses Group LLC, whose members are Mina Girgis and Selvia Girgis);

b)    61 Littleton Road, Morris Plains, NJ 07950 (purchased on May 13, 2025 by Better Houses Group LLC, whose members are Mina Girgis and Selvia Girgis);

c)    43 Canterbury Lane, Hackettstown, NJ 07840 (purchased on February 5, 2024 by Eric Nguetcho Sitio and Sildevie Tchiekoua Nguetcho).

b.    opening or causing to be opened any new accounts or safe deposit boxes titled in the name of any Enjoined Defendant, or subject to access by any Enjoined Defendant;

c.    obtaining a personal or secured loan encumbering the assets of any Enjoined Defendant, or subject to access by any Enjoined Defendant;

d.    transferring, selling, mortgaging, encumbering, incurring liens, or otherwise impairing any ownership or other legal interest they may have (be it directly, indirectly, singly, jointly, or through a corporation, partnership or other entity directly or indirectly owned, managed, or

7

controlled by any Enjoined Defendant) in any real property or personal property; and

4.      Immediately upon receipt of this Order, each **Enjoined Defendant** shall disclose to Plaintiffs' attorneys:

      a.      a list of all assets held by, for, or on account of the Enjoined Defendant, including any account for which they have signatory authority, in any bank, brokerage house, or financial institution, including account title, account number, and balance;

      b.      a list of all real properties the Enjoined Defendant owns or in which they presently have a legal interest; and

      c.      a list of all real properties the Enjoined Defendant previously owned or in which they previously had a legal interest from April 1, 2023 to the present.

5.      Any **bank, brokerage house, financial institution, or online sales platform** holding assets or funds by, for, or on account of any Enjoined Defendant shall:

      a.      freeze and restrain all such assets and funds, including the balance of any account for which any Enjoined Defendant has signature authority, and shall be restrained from releasing such assets and funds until further order of this Court;

      b.      immediately contact Plaintiffs' counsel Geoffrey Potter via email at GileadCounterfeitMedicine@pbwt.com to disclose the account numbers and titles and amount of assets so frozen;

6.      Plaintiffs may immediately serve this Order upon any bank, brokerage house, financial institution, or online sales platform in which any Enjoined Defendant is known or suspected to hold an account.

DONE AND ORDERED in Brooklyn, New York on this _26_ day of _May_, 2026.

/s Hon. Carol Bagley Amon

CAROL BAGLEY AMON
UNITED STATES DISTRICT JUDGE