UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
GILEAD SCIENCES, INC. and
GILEAD SCIENCES IRELAND UC,
     Plaintiffs,

               -against-                   Case No. 26 Cv. 2172 (CBA)(CHK)


PAIN RELIEF RX, INC., et al.,
     Defendant/Movant.
--------------------------------------------------------------------X

**DEFENDANTS LUMIX PHARMACY INC. AND ARIEL LEVY'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS**

**PRELIMINARY STATEMENT**

Alex Levy, Ariel Levy, Benjamin Levy, Daniel Levy, David Levy, Susana Levy, Marina Davidov, Zoya Meirov, and Gerda Shimunova (hereafter "the Levy Family Defendants"), as well as Lumix Pharmacy Inc., by their counsel Steve Zissou & Associates, hereby serve these corrected responses to Plaintiffs' First Set of Document Requests pursuant to the Court's Order of June 9, 2026. Consistent with that Order, the Responding Parties assert no objection to any Request other than the privilege against self-incrimination under the Fifth Amendment to the United States Constitution, and they produce the responsive, non-privileged documents identified below.

**GENERAL OBJECTIONS AND RESERVATION OF RIGHTS**

*First*, Ariel Levy responds subject to, and without waiver of, his privilege against self-incrimination under the Fifth Amendment to the United States Constitution. Because Plaintiffs' pleadings allege criminal conduct, the privilege protects both testimonial communications and the testimonial aspects of the act of production, and extends to any disclosure that could furnish a link in the chain of evidence.

*Second*, Lumix is a corporation. To the extent the law requires production of its corporate records through a custodian, the Responding Parties produce the non-privileged corporate records identified below; the custodian's act of production is made in a representative capacity and is protected from personal evidentiary use against Ariel Levy under *Braswell v. United States*, 487 U.S. 99 (1988).

*Third*, the production or identification of any document is not, and shall not be construed as, an admission of any allegation in the Complaint or motion papers. Plaintiffs' characterizations—including that any product is "counterfeit"—are denied.

*Fourth*, the Responding Parties produce documents subject to the Court's confidentiality and asset-freeze/preliminary-injunction orders. Consistent with the Court's June 9, 2026 Order, the Responding Parties assert no objection other than the Fifth Amendment privilege; the production of documents is made accordingly.

*Fifth*, these responses are based on information presently available; the Responding Parties reserve the right to supplement or amend them.

### RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1:**

All documents and communications concerning: (a) Lumix Pharmacy, Inc.; (b) Galaxy Pharmacy Inc.; (c) ClearRx Pharmacy Inc.; (d) Ez Max Pharmacy Inc.; (e) MDRx Pharmacy Inc.; (f) SkyRx Pharmacy Inc.; (g) Spectra Pharmacy Inc.; or (h) any other pharmacy You have owned, have a beneficial interest in, have managed, or have controlled.

**RESPONSE:**

Subject to and without waiving the General Objections, the Responding Parties produce the non-privileged corporate and administrative records of Lumix Pharmacy Inc. in their

possession, custody, or control concerning Lumix (subpart (a)). The documents have been produced to Plaintiffs' counsel. *See* LUMIX-RFP1-0001 through LUMIX-RFP1-0073.

As to subparts (b)–(h), to the extent any responsive material exists, the Levy Family Defendants assert their privilege against self-incrimination under the Fifth Amendment, and no such documents are produced on that basis.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications concerning: (a) Richard Galanti; (b) Stephen Davis; (c) Sohail Malkoukian; (d) Diana Shalev; (e) Michael Barayev; (f) Michael Levy; or (g) any other pharmacist that has been associated with a pharmacy You have owned, have a beneficial interest in, have managed, or have controlled.

**RESPONSE:**

Subject to and without waiving the General Objections, the Responding Parties produce the non-privileged documents in their possession, custody, or control concerning the pharmacist(s) associated with Lumix Pharmacy Inc. The documents have been produced to Plaintiffs' counsel. *See* Bates LUMIX-RFP2A-0001 through LUMIX-RFP2A-0038 and LUMIX-RFP2G-0001 through LUMIX-RFP2G-0059.

As to any other individual identified in this Request, the Responding Parties have no responsive non-privileged documents; to the extent any exist, the Levy Family Defendants assert their Fifth Amendment privilege.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and communications concerning: (a) Khaim Mullokandov; (b) Eleanora Mullokandova; or (c) Vladislav Plishtiyev.

**RESPONSE:**

The Levy Family Defendants assert their privilege against self-incrimination under the Fifth Amendment to the United States Constitution. Plaintiffs' pleadings allege that the conduct at issue is criminal; a compelled response—including the testimonial aspects of the act of producing the requested materials—could furnish a link in the chain of evidence against him. On that basis, the Levy Family Defendants decline to respond and produce no documents. Lumix Pharmacy Inc. asserts the privilege through its principal to the extent available to it; production by Lumix's custodian, if any, would be made in a representative capacity and would be subject to the act-of-production protection recognized in *Braswell v. United States*, 487 U.S. 99 (1988). The Responding Parties assert no other objection and reserve all rights under the Fifth Amendment.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and communications concerning: (a) Jonathan Abramov; (b) George Abramov; or (c) Eduard Abramov.

**RESPONSE:**

The Levy Family Defendants assert their privilege against self-incrimination under the Fifth Amendment to the United States Constitution. Plaintiffs' pleadings allege that the conduct at issue is criminal; a compelled response—including the testimonial aspects of the act of producing the requested materials—could furnish a link in the chain of evidence against him. On that basis, the Levy Family Defendants decline to respond and produce no documents. Lumix Pharmacy Inc. asserts the privilege through its principal to the extent available to it; production by Lumix's custodian, if any, would be made in a representative capacity and would be subject to the act-of-production protection recognized in *Braswell v. United States*, 487 U.S. 99 (1988). The Responding Parties assert no other objection and reserve all rights under the Fifth Amendment.

**REQUEST FOR PRODUCTION NO. 5:**

Any license(s), registration(s), permit(s), and/or any other document(s) authorizing or otherwise permitting You and/or any Entity you own, have a beneficial interest in, manage, or control to engage in the commercial procurement, purchase, distribution, offer for sale, and/or sale of Gilead-branded medicines.

**RESPONSE:**

Subject to and without waiving the General Objections, the Responding Parties produce the non-privileged licensure and registration records of Lumix Pharmacy Inc. in their possession, custody, or control. The documents have been produced to Plaintiffs' counsel. *See* Bates LUMIX-RFP5-0001 through LUMIX-RFP5-0073.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and communications concerning Your actual or potential procurement, purchase, offer for sale, sale, transfer, distribution, or advertising of Gilead-branded medicines by You and/or any Entity you own or have a beneficial interest in, manage, or control, including all pedigree/T3 documents, emails, text messages or other electronic messages, purchase orders, invoices, memos, and internal documents related to Your handling of Gilead-branded medicines.

**RESPONSE:**

The Levy Family Defendants assert their privilege against self-incrimination under the Fifth Amendment to the United States Constitution. Plaintiffs' pleadings allege that the conduct at issue is criminal; a compelled response—including the testimonial aspects of the act of producing the requested materials—could furnish a link in the chain of evidence against him. On that basis, the Levy Family Defendants decline to respond and produce no documents. Lumix Pharmacy Inc. asserts the privilege through its principal to the extent available to it; production by Lumix's

custodian, if any, would be made in a representative capacity and would be subject to the act-of-production protection recognized in *Braswell v. United States*, 487 U.S. 99 (1988). The Responding Parties assert no other objection and reserve all rights under the Fifth Amendment.

**REQUEST FOR PRODUCTION NO. 7:**

All communications with all companies and individuals involved with the purchase or sale of Gilead-branded medicines to You or on Your behalf.

**RESPONSE:**

The Levy Family Defendants assert their privilege against self-incrimination under the Fifth Amendment to the United States Constitution. Plaintiffs' pleadings allege that the conduct at issue is criminal; a compelled response—including the testimonial aspects of the act of producing the requested materials—could furnish a link in the chain of evidence against him. On that basis, the Levy Family Defendants decline to respond and produce no documents. Lumix Pharmacy Inc. asserts the privilege through its principal to the extent available to it; production by Lumix's custodian, if any, would be made in a representative capacity and would be subject to the act-of-production protection recognized in *Braswell v. United States*, 487 U.S. 99 (1988). The Responding Parties assert no other objection and reserve all rights under the Fifth Amendment.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications concerning offers to purchase Gilead-branded medicines whether or not such purchases were consummated.

**RESPONSE:**

The Levy Family Defendants assert their privilege against self-incrimination under the Fifth Amendment to the United States Constitution. Plaintiffs' pleadings allege that the conduct at issue is criminal; a compelled response—including the testimonial aspects of the act of producing

the requested materials—could furnish a link in the chain of evidence against him. On that basis, the Levy Family Defendants decline to respond and produce no documents. Lumix Pharmacy Inc. asserts the privilege through its principal to the extent available to it; production by Lumix's custodian, if any, would be made in a representative capacity and would be subject to the act-of-production protection recognized in *Braswell v. United States*, 487 U.S. 99 (1988). The Responding Parties assert no other objection and reserve all rights under the Fifth Amendment.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications concerning pedigree documentation or "T3" documentation for Gilead-branded medicines, including any T3/pedigree/DSCSA documentation accompanying any Gilead-branded medicine that You purchased, distributed, and/or sold from January 1, 2020 to the Present.

**RESPONSE:**

The Levy Family Defendants assert their privilege against self-incrimination under the Fifth Amendment to the United States Constitution. Plaintiffs' pleadings allege that the conduct at issue is criminal; a compelled response—including the testimonial aspects of the act of producing the requested materials—could furnish a link in the chain of evidence against him. On that basis, the Levy Family Defendants decline to respond and produce no documents. Lumix Pharmacy Inc. asserts the privilege through its principal to the extent available to it; production by Lumix's custodian, if any, would be made in a representative capacity and would be subject to the act-of-production protection recognized in *Braswell v. United States*, 487 U.S. 99 (1988). The Responding Parties assert no other objection and reserve all rights under the Fifth Amendment.

**REQUEST FOR PRODUCTION NO. 10:**

All documents concerning the payment of funds by You for the purchase of Gilead-branded medicines, including all wire transfer records, checks, and/or bank statements.

**RESPONSE:**

The Levy Family Defendants assert their privilege against self-incrimination under the Fifth Amendment to the United States Constitution. Plaintiffs' pleadings allege that the conduct at issue is criminal; a compelled response—including the testimonial aspects of the act of producing the requested materials—could furnish a link in the chain of evidence against him. On that basis, the Levy Family Defendants decline to respond and produce no documents. Lumix Pharmacy Inc. asserts the privilege through its principal to the extent available to it; production by Lumix's custodian, if any, would be made in a representative capacity and would be subject to the act-of-production protection recognized in *Braswell v. United States*, 487 U.S. 99 (1988). The Responding Parties assert no other objection and reserve all rights under the Fifth Amendment.

**REQUEST FOR PRODUCTION NO. 11:**

All documents sufficient to show the disposition of any funds You received in connection with the procurement, purchase, or sale of any Gilead-branded medicines, including all wire transfer records, checks, or bank statements.

**RESPONSE:**

The Levy Family Defendants assert their privilege against self-incrimination under the Fifth Amendment to the United States Constitution. Plaintiffs' pleadings allege that the conduct at issue is criminal; a compelled response—including the testimonial aspects of the act of producing the requested materials—could furnish a link in the chain of evidence against him. On that basis, the Levy Family Defendants decline to respond and produce no documents. Lumix Pharmacy Inc.

asserts the privilege through its principal to the extent available to it; production by Lumix's custodian, if any, would be made in a representative capacity and would be subject to the act-of-production protection recognized in *Braswell v. United States*, 487 U.S. 99 (1988). The Responding Parties assert no other objection and reserve all rights under the Fifth Amendment.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and communications concerning any claims for reimbursement submitted to any state or federal government entity by You in connection with the procurement, purchase, distribution, offer for sale, and/or sale of any Gilead-branded medicine.

**RESPONSE:**

The Levy Family Defendants assert their privilege against self-incrimination under the Fifth Amendment to the United States Constitution. Plaintiffs' pleadings allege that the conduct at issue is criminal; a compelled response—including the testimonial aspects of the act of producing the requested materials—could furnish a link in the chain of evidence against him. On that basis, the Levy Family Defendants decline to respond and produce no documents. Lumix Pharmacy Inc. asserts the privilege through its principal to the extent available to it; production by Lumix's custodian, if any, would be made in a representative capacity and would be subject to the act-of-production protection recognized in *Braswell v. United States*, 487 U.S. 99 (1988). The Responding Parties assert no other objection and reserve all rights under the Fifth Amendment.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and communications exchanged between You and any local, state, or federal regulatory or law enforcement agency concerning Gilead-branded medicines, including communications with any state or local regulatory body, the FDA, the DOJ, the FBI, and any United States Attorney's Office.

**RESPONSE:**

The Levy Family Defendants assert their privilege against self-incrimination under the Fifth Amendment to the United States Constitution. Plaintiffs' pleadings allege that the conduct at issue is criminal; a compelled response—including the testimonial aspects of the act of producing the requested materials—could furnish a link in the chain of evidence against him. On that basis, the Levy Family Defendants decline to respond and produce no documents. Lumix Pharmacy Inc. asserts the privilege through its principal to the extent available to it; production by Lumix's custodian, if any, would be made in a representative capacity and would be subject to the act-of-production protection recognized in *Braswell v. United States*, 487 U.S. 99 (1988). The Responding Parties assert no other objection and reserve all rights under the Fifth Amendment.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and communications concerning Your membership in online pharmaceutical marketplaces, including but not limited to the Entities listed in Schedule A.

**RESPONSE:**

The Levy Family Defendants assert their privilege against self-incrimination under the Fifth Amendment to the United States Constitution. Plaintiffs' pleadings allege that the conduct at issue is criminal; a compelled response—including the testimonial aspects of the act of producing the requested materials—could furnish a link in the chain of evidence against him. On that basis, the Levy Family Defendants decline to respond and produce no documents. Lumix Pharmacy Inc. asserts the privilege through its principal to the extent available to it; production by Lumix's custodian, if any, would be made in a representative capacity and would be subject to the act-of-production protection recognized in *Braswell v. United States*, 487 U.S. 99 (1988). The Responding Parties assert no other objection and reserve all rights under the Fifth Amendment.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and communications concerning the actual or attempted purchase and sale of BIKTARVY® bearing serial number 439222840034 and lot number 10011297, including purchase orders, invoices, payments, receipts, shipping documents, bills of lading, T3/pedigree/DSCSA forms, and marketplace submissions, whether or not consummated.

**RESPONSE:**

The Levy Family Defendants assert their privilege against self-incrimination under the Fifth Amendment to the United States Constitution. Plaintiffs' pleadings allege that the conduct at issue is criminal; a compelled response—including the testimonial aspects of the act of producing the requested materials—could furnish a link in the chain of evidence against him. On that basis, the Levy Family Defendants decline to respond and produce no documents. Lumix Pharmacy Inc. asserts the privilege through its principal to the extent available to it; production by Lumix's custodian, if any, would be made in a representative capacity and would be subject to the act-of-production protection recognized in *Braswell v. United States*, 487 U.S. 99 (1988). The Responding Parties assert no other objection and reserve all rights under the Fifth Amendment.

**REQUEST FOR PRODUCTION NO. 16:**

All documents and communications concerning the actual or attempted purchase and sale of DESCOVY® bearing serial number 611162184589 and lot number 7749303A, including all transaction and pedigree documentation, whether or not consummated.

**RESPONSE:**

The Levy Family Defendants assert their privilege against self-incrimination under the Fifth Amendment to the United States Constitution. Plaintiffs' pleadings allege that the conduct at issue is criminal; a compelled response—including the testimonial aspects of the act of producing

the requested materials—could furnish a link in the chain of evidence against him. On that basis, the Levy Family Defendants decline to respond and produce no documents. Lumix Pharmacy Inc. asserts the privilege through its principal to the extent available to it; production by Lumix's custodian, if any, would be made in a representative capacity and would be subject to the act-of-production protection recognized in *Braswell v. United States*, 487 U.S. 99 (1988). The Responding Parties assert no other objection and reserve all rights under the Fifth Amendment.

**REQUEST FOR PRODUCTION NO. 17:**

All documents and communications concerning the actual or attempted purchase and sale of BIKTARVY® bearing serial number 658278281318 and lot number CTNVWA, including all transaction and pedigree documentation, whether or not consummated.

**RESPONSE:**

The Levy Family Defendants assert their privilege against self-incrimination under the Fifth Amendment to the United States Constitution. Plaintiffs' pleadings allege that the conduct at issue is criminal; a compelled response—including the testimonial aspects of the act of producing the requested materials—could furnish a link in the chain of evidence against him. On that basis, the Levy Family Defendants decline to respond and produce no documents. Lumix Pharmacy Inc. asserts the privilege through its principal to the extent available to it; production by Lumix's custodian, if any, would be made in a representative capacity and would be subject to the act-of-production protection recognized in *Braswell v. United States*, 487 U.S. 99 (1988). The Responding Parties assert no other objection and reserve all rights under the Fifth Amendment.

**REQUEST FOR PRODUCTION NO. 18:**

All documents and communications concerning the actual or attempted purchase and sale of DESCOVY® bearing serial number 369292659620 and lot number 7682208A, including all transaction and pedigree documentation, whether or not consummated.

**RESPONSE:**

The Levy Family Defendants assert their privilege against self-incrimination under the Fifth Amendment to the United States Constitution. Plaintiffs' pleadings allege that the conduct at issue is criminal; a compelled response—including the testimonial aspects of the act of producing the requested materials—could furnish a link in the chain of evidence against him. On that basis, the Levy Family Defendants decline to respond and produce no documents. Lumix Pharmacy Inc. asserts the privilege through its principal to the extent available to it; production by Lumix's custodian, if any, would be made in a representative capacity and would be subject to the act-of-production protection recognized in *Braswell v. United States*, 487 U.S. 99 (1988). The Responding Parties assert no other objection and reserve all rights under the Fifth Amendment.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and communications concerning the actual or attempted purchase and sale of DESCOVY® bearing serial number 304226586246 and lot number 7682208A, including all transaction and pedigree documentation, whether or not consummated.

**RESPONSE:**

The Levy Family Defendants assert their privilege against self-incrimination under the Fifth Amendment to the United States Constitution. Plaintiffs' pleadings allege that the conduct at issue is criminal; a compelled response—including the testimonial aspects of the act of producing the requested materials—could furnish a link in the chain of evidence against him. On that basis,

the Levy Family Defendants decline to respond and produce no documents. Lumix Pharmacy Inc. asserts the privilege through its principal to the extent available to it; production by Lumix's custodian, if any, would be made in a representative capacity and would be subject to the act-of-production protection recognized in *Braswell v. United States*, 487 U.S. 99 (1988). The Responding Parties assert no other objection and reserve all rights under the Fifth Amendment.

**REQUEST FOR PRODUCTION NO. 20:**

All documents and communications concerning Your process, policies, and procedures concerning or applying to establishing the authenticity of any Gilead medicines or purported Gilead medicines, including pedigree or "T3" documentation.

**RESPONSE:**

The Levy Family Defendants assert their privilege against self-incrimination under the Fifth Amendment to the United States Constitution. Plaintiffs' pleadings allege that the conduct at issue is criminal; a compelled response—including the testimonial aspects of the act of producing the requested materials—could furnish a link in the chain of evidence against him. On that basis, the Levy Family Defendants decline to respond and produce no documents. Lumix Pharmacy Inc. asserts the privilege through its principal to the extent available to it; production by Lumix's custodian, if any, would be made in a representative capacity and would be subject to the act-of-production protection recognized in *Braswell v. United States*, 487 U.S. 99 (1988). The Responding Parties assert no other objection and reserve all rights under the Fifth Amendment.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and communications concerning Your storage or transportation of Gilead-branded medicines.

**RESPONSE:**

The Levy Family Defendants assert their privilege against self-incrimination under the Fifth Amendment to the United States Constitution. Plaintiffs' pleadings allege that the conduct at issue is criminal; a compelled response—including the testimonial aspects of the act of producing the requested materials—could furnish a link in the chain of evidence against him. On that basis, the Levy Family Defendants decline to respond and produce no documents. Lumix Pharmacy Inc. asserts the privilege through its principal to the extent available to it; production by Lumix's custodian, if any, would be made in a representative capacity and would be subject to the act-of-production protection recognized in *Braswell v. United States*, 487 U.S. 99 (1988). The Responding Parties assert no other objection and reserve all rights under the Fifth Amendment.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and communications concerning any known, reported, or suspected counterfeit Gilead-branded medicines, including counterfeits with the wrong pills in the bottle, counterfeit packaging, counterfeit patient information documents, or counterfeit pedigrees.

**RESPONSE:**

The Levy Family Defendants assert their privilege against self-incrimination under the Fifth Amendment to the United States Constitution. Plaintiffs' pleadings allege that the conduct at issue is criminal; a compelled response—including the testimonial aspects of the act of producing the requested materials—could furnish a link in the chain of evidence against him. On that basis, the Levy Family Defendants decline to respond and produce no documents. Lumix Pharmacy Inc. asserts the privilege through its principal to the extent available to it; production by Lumix's custodian, if any, would be made in a representative capacity and would be subject to the act-of-

production protection recognized in *Braswell v. United States*, 487 U.S. 99 (1988). The Responding Parties assert no other objection and reserve all rights under the Fifth Amendment.

**REQUEST FOR PRODUCTION NO. 23:**

All documents and communications concerning the actual or attempted creation, modification, alteration, or copying of all or part of labels for Gilead-branded medicines, including BIKTARVY® and DESCOVY®.

**RESPONSE:**

The Levy Family Defendants assert their privilege against self-incrimination under the Fifth Amendment to the United States Constitution. Plaintiffs' pleadings allege that the conduct at issue is criminal; a compelled response—including the testimonial aspects of the act of producing the requested materials—could furnish a link in the chain of evidence against him. On that basis, the Levy Family Defendants decline to respond and produce no documents. Lumix Pharmacy Inc. asserts the privilege through its principal to the extent available to it; production by Lumix's custodian, if any, would be made in a representative capacity and would be subject to the act-of-production protection recognized in *Braswell v. United States*, 487 U.S. 99 (1988). The Responding Parties assert no other objection and reserve all rights under the Fifth Amendment.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and communications concerning previously-dispensed or re-dispensed bottles of Gilead-branded medicine, including the repurchase of Gilead-branded medicine from patients.

**RESPONSE:**

The Levy Family Defendants assert their privilege against self-incrimination under the Fifth Amendment to the United States Constitution. Plaintiffs' pleadings allege that the conduct at

issue is criminal; a compelled response—including the testimonial aspects of the act of producing the requested materials—could furnish a link in the chain of evidence against him. On that basis, the Levy Family Defendants decline to respond and produce no documents. Lumix Pharmacy Inc. asserts the privilege through its principal to the extent available to it; production by Lumix's custodian, if any, would be made in a representative capacity and would be subject to the act-of-production protection recognized in *Braswell v. United States*, 487 U.S. 99 (1988). The Responding Parties assert no other objection and reserve all rights under the Fifth Amendment.

**REQUEST FOR PRODUCTION NO. 25:**

All documents and communications reflecting Your investigations concerning suspect Gilead-branded product (as defined by 21 U.S.C. § 360eee).

**RESPONSE:**

The Levy Family Defendants assert their privilege against self-incrimination under the Fifth Amendment to the United States Constitution. Plaintiffs' pleadings allege that the conduct at issue is criminal; a compelled response—including the testimonial aspects of the act of producing the requested materials—could furnish a link in the chain of evidence against him. On that basis, the Levy Family Defendants decline to respond and produce no documents. Lumix Pharmacy Inc. asserts the privilege through its principal to the extent available to it; production by Lumix's custodian, if any, would be made in a representative capacity and would be subject to the act-of-production protection recognized in *Braswell v. United States*, 487 U.S. 99 (1988). The Responding Parties assert no other objection and reserve all rights under the Fifth Amendment.

**REQUEST FOR PRODUCTION NO. 26:**

All documents and communications concerning previously-dispensed or re-dispensed bottleI s of medicine, including the repurchase of medicine from patients.

**RESPONSE:**

The Levy Family Defendants assert their privilege against self-incrimination under the Fifth Amendment to the United States Constitution. Plaintiffs' pleadings allege that the conduct at issue is criminal; a compelled response—including the testimonial aspects of the act of producing the requested materials—could furnish a link in the chain of evidence against him. On that basis, the Levy Family Defendants decline to respond and produce no documents. Lumix Pharmacy Inc. asserts the privilege through its principal to the extent available to it; production by Lumix's custodian, if any, would be made in a representative capacity and would be subject to the act-of-production protection recognized in *Braswell v. United States*, 487 U.S. 99 (1988). The Responding Parties assert no other objection and reserve all rights under the Fifth Amendment.

**REQUEST FOR PRODUCTION NO. 27:**

All documents and communications reflecting Your investigations concerning suspect product (as defined by 21 U.S.C. § 360eee).

**RESPONSE:**

The Levy Family Defendants assert their privilege against self-incrimination under the Fifth Amendment to the United States Constitution. Plaintiffs' pleadings allege that the conduct at issue is criminal; a compelled response—including the testimonial aspects of the act of producing the requested materials—could furnish a link in the chain of evidence against him. On that basis, the Levy Family Defendants decline to respond and produce no documents. Lumix Pharmacy Inc. asserts the privilege through its principal to the extent available to it; production by Lumix's custodian, if any, would be made in a representative capacity and would be subject to the act-of-production protection recognized in *Braswell v. United States*, 487 U.S. 99 (1988). The Responding Parties assert no other objection and reserve all rights under the Fifth Amendment.

**REQUEST FOR PRODUCTION NO. 28:**

All documents concerning any known, reported, or suspected false or incorrect pedigree or "T3" documentation for Gilead-branded medicines that You received, procured, purchased, distributed, offered for sale, and/or sold.

**RESPONSE:**

The Levy Family Defendants assert their privilege against self-incrimination under the Fifth Amendment to the United States Constitution. Plaintiffs' pleadings allege that the conduct at issue is criminal; a compelled response—including the testimonial aspects of the act of producing the requested materials—could furnish a link in the chain of evidence against him. On that basis, the Levy Family Defendants decline to respond and produce no documents. Lumix Pharmacy Inc. asserts the privilege through its principal to the extent available to it; production by Lumix's custodian, if any, would be made in a representative capacity and would be subject to the act-of-production protection recognized in *Braswell v. United States*, 487 U.S. 99 (1988). The Responding Parties assert no other objection and reserve all rights under the Fifth Amendment.

**REQUEST FOR PRODUCTION NO. 29:**

All documents and communications concerning any complaints, problems, or other issues concerning Gilead-branded medicines that You received, procured, purchased, distributed, offered for sale, and/or sold.

**RESPONSE:**

The Levy Family Defendants assert their privilege against self-incrimination under the Fifth Amendment to the United States Constitution. Plaintiffs' pleadings allege that the conduct at issue is criminal; a compelled response—including the testimonial aspects of the act of producing the requested materials—could furnish a link in the chain of evidence against him. On that basis,

the Levy Family Defendants decline to respond and produce no documents. Lumix Pharmacy Inc. asserts the privilege through its principal to the extent available to it; production by Lumix's custodian, if any, would be made in a representative capacity and would be subject to the act-of-production protection recognized in *Braswell v. United States*, 487 U.S. 99 (1988). The Responding Parties assert no other objection and reserve all rights under the Fifth Amendment.

**REQUEST FOR PRODUCTION NO. 30:**

Documents sufficient to show all ownership interests, direct or indirect, you currently have or have had in any Entity, including date of acquisition, amount paid, prior owner, co-owners, and date/terms of any sale.

**RESPONSE:**

Subject to and without waiving the General Objections, the Responding Parties produce the non-privileged corporate and administrative records of such Entities currently in their possession, custody, or control. The documents have been produced to Plaintiffs' counsel. *See* Bates LUMIX-RFP30-0001 through LUMIX-RFP30-0003. Should any further responsive documents be found, they will be produced as they become available.

**REQUEST FOR PRODUCTION NO. 31:**

All documents and communications relating to any actual or attempted transactions of Gilead-branded medicines, whether or not consummated, between You (or any pharmacy You own or operate or previously owned or operated) and Pain Relief Rx, Inc., Linden Blvd. Rx, Inc., and Trinity Global Pharmacy LLC d/b/a Michael's Pharmacy.

**RESPONSE:**

The Levy Family Defendants assert their privilege against self-incrimination under the Fifth Amendment to the United States Constitution. Plaintiffs' pleadings allege that the conduct at

issue is criminal; a compelled response—including the testimonial aspects of the act of producing the requested materials—could furnish a link in the chain of evidence against him. On that basis, the Levy Family Defendants decline to respond and produce no documents. Lumix Pharmacy Inc. asserts the privilege through its principal to the extent available to it; production by Lumix's custodian, if any, would be made in a representative capacity and would be subject to the act-of-production protection recognized in *Braswell v. United States*, 487 U.S. 99 (1988). The Responding Parties assert no other objection and reserve all rights under the Fifth Amendment.

**REQUEST FOR PRODUCTION NO. 32:**

Documents sufficient to show any bank, brokerage, exchange, money-market, digital payment, cryptocurrency, or other account You own, control, have a beneficial interest in, or have signatory authority over, including the account number, institution, owner/signatories, and present balance.

**RESPONSE:**

The Levy Family Defendants assert their privilege against self-incrimination under the Fifth Amendment to the United States Constitution. Plaintiffs' pleadings allege that the conduct at issue is criminal; a compelled response—including the testimonial aspects of the act of producing the requested materials—could furnish a link in the chain of evidence against him. On that basis, the Levy Family Defendants decline to respond and produce no documents. Lumix Pharmacy Inc. asserts the privilege through its principal to the extent available to it; production by Lumix's custodian, if any, would be made in a representative capacity and would be subject to the act-of-production protection recognized in *Braswell v. United States*, 487 U.S. 99 (1988). The Responding Parties assert no other objection and reserve all rights under the Fifth Amendment.

**REQUEST FOR PRODUCTION NO. 33:**

All non-privileged documents and communications You rely upon to formulate Your responses to any interrogatories that Gilead serves on You in this action.

**RESPONSE:**

The Levy Family Defendants assert their privilege against self-incrimination under the Fifth Amendment to the United States Constitution. Plaintiffs' pleadings allege that the conduct at issue is criminal; a compelled response—including the testimonial aspects of the act of producing the requested materials—could furnish a link in the chain of evidence against him. On that basis, the Levy Family Defendants decline to respond and produce no documents. Lumix Pharmacy Inc. asserts the privilege through its principal to the extent available to it; production by Lumix's custodian, if any, would be made in a representative capacity and would be subject to the act-of-production protection recognized in *Braswell v. United States*, 487 U.S. 99 (1988). The Responding Parties assert no other objection and reserve all rights under the Fifth Amendment.

Dated: Bayside, New York
June 15, 2026

Respectfully submitted,

Steve Zissou, Esq.
Steve Zissou & Associates
*Attorney for Defendants*
42-40 Bell Boulevard
Suite 302
Bayside, New York 11361
(718) 279-4500

SZ/jc