

June 18, 2026

Timothy A. Waters
Partner
(212) 336-7601
twaters@pbwt.com

**Via ECF**

Magistrate Judge Clay H. Kaminsky
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   ***Gilead Sciences, Inc. et al. v. Pain Relief Rx, Inc. et al.,***
      **No. 26-cv-2172 (CBA)(CHK)**

Dear Judge Kaminsky:

I write on behalf of Plaintiffs (collectively, "Gilead") in the above-captioned action, jointly with the Levy Defendants[1] (together with Gilead, the "parties"), pursuant to Your Honor's June 9, 2026 order directing the parties to submit a joint letter regarding the status of the Levy Defendants' compliance with the Seizure Order and with Gilead's document discovery requests.

## I.      Gilead's Position

At the June 9 Order to Show Cause conference, Your Honor stated that the Levy Defendants' ongoing violation of Court orders was sanctionable, and directed the Levy Defendants to either produce documents and information, or to provide a privilege log recording documents withheld from production, by Monday, June 15. In response, the Levy Defendants decided to produce *no* documents or information about the crux of this case: their purchases and sales of counterfeit Gilead drugs. And, shockingly, Lumix has revealed that it is unable to produce these critical documents because nearly all of its corporate records were recently destroyed. Such comprehensive document destruction not only constitutes willful spoliation, but it is also an outrageous act of contempt of the District Court's April 17 Seizure Order ordering Lumix to produce information contained in those now-destroyed records.

The destruction of Lumix's corporate documents, moreover, is not the only violation of Your Honor's June 9 order. 15 of the 17 Levy Defendants failed to produce a single document in response to the order or even to conduct an appropriate search for such documents. Unfortunately, Gilead's prediction at the June 9 hearing that the Levy Defendants would try to delay the litigation by violating their discovery obligations has proved prescient, and serious sanctions will be necessary to address their non-compliance.

---

[1] The "Levy Defendants" or "Levy Family Defendants" are Ariel Levy, Lumix Pharmacy, Inc. ("Lumix"), Alex Levy, Daniel Levy, Susana Levy, Benjamin Levy, David Levy, Mariana Davidov, Zoya Meirov, Gerda Shimunova, Galaxy Pharmacy Inc., ClearRx Pharmacy Inc., Ez Max Pharmacy Inc., MDRx Pharmacy Inc., SkyRx Pharmacy Inc., and Spectra Pharmacy Inc.

### a. Lumix Should Be Ordered to Provide a Written Explanation Regarding Its Destruction of Responsive and Relevant Evidence

Lumix's paltry June 15 document production consists of a handful of email chains between state officials and the email address lumixpharmacy@gmail.com. These emails do not discuss Gilead products, online pharmaceutical marketplaces, or even retail pharmacy transactions; rather, they address Lumix's status as a licensed pharmacy and changes to its supervising pharmacist. Although Lumix was dealing in Gilead-branded drugs until this lawsuit was filed, Lumix's production contains no invoices, no purchase orders, no transaction records, no shipping details, no correspondence with or regarding online pharmaceutical marketplaces, and no pedigrees; in short, it contains no documents that go to Gilead's allegations in this lawsuit that Lumix is selling counterfeit Gilead drugs on the internet.

Gilead has already presented evidence that Lumix sold millions of dollars' worth of Gilead drugs through online pharmacy-to-pharmacy marketplaces (including the drug sold to Gilead's cooperating pharmacist), and those sales unquestionably generated business records. In response to Gilead's questioning, Lumix's counsel reported that any documents regarding Lumix's business activities – including correspondence regarding its purchase or sale of Gilead drugs and email confirmations from the pharmacy-to-pharmacy marketplaces – would have been stored in a different email account, lumixpharmacy1@gmail.com. But, according to Lumix's counsel, the entirety of the lumixpharmacy1@gmail.com email account has been deleted and rendered not only inaccessible, but unrecoverable.

Lumix claims to have no documents concerning its purchase and sale of Gilead-branded medicines other than what was stored on that irretrievably spoliated email account. According to the Levy Family Defendants, all of Lumix's key documents, from records of specific transactions involving Gilead drugs to communications between Lumix and the suppliers who sold it counterfeits, have been destroyed.

In the June 17 meet-and-confer session where this spoliation was first revealed, counsel refused to provide any information about the circumstances of the destruction of the account. But given that Lumix was selling Gilead-branded medicines online up until Gilead served the *ex parte* Seizure Order and executed the seizure, it is clear that the email account was deleted *after* Lumix and Ariel Levy were served with the Seizure Order requiring them to produce documents stored in that email account. Indeed, given Lumix's failure to disclose the destruction of the lumixpharmacy1@gmail.com email account until June 17 – despite multiple opportunities to do so during conversations with Gilead's counsel and during the June 9 hearing – it is likely that the destruction occurred only *after* Lumix understood, based on Gilead's order to show cause and Your Honor's June 9 comments (*see* Tr. at 10:11-17), that it would not be able to withhold corporate records on spurious Fifth Amendment grounds.

This is not only intentional spoliation of evidence, but a willful violation of the District Court's April 17 Seizure Order directing Lumix to produce records of its purchases and sales of Gilead drugs and Your Honor's June 9 order. As a result of this destruction of evidence, the Levy Family Defendants are hiding all records of their counterfeit sales, and Gilead will be forever unable to obtain records implicating the illicit suppliers of Lumix's counterfeit drugs. This is an extreme example of what Gilead set forth in its original motion for sanctions: the Levy

Family Defendants are pretending to participate in this civil litigation, but they will do anything to avoid producing documents and information. The civil litigation process depends on parties' good faith compliance with Court orders and discovery obligations. This is precisely the kind of misconduct for which sanctions, including case-ending sanctions, are the only appropriate remedy.

This serious litigation misconduct and willful contempt of the Court's orders will need to be more fully addressed via a motion for case-ending sanctions in the near future. In advance of that motion, Gilead seeks an order from this Court directing Lumix to confirm, in writing, the identity of the individual or individuals who caused the email account to be deleted, and the date on which the deletion occurred. Moreover, Gilead is entitled to probe whether any individual Defendant or Defendants committed this egregious act of spoliation. Gilead thus asks Your Honor to order each of the individual Levy Defendants (Ariel Levy, Alex Levy, Daniel Levy, Susana Levy, Benjamin Levy, David Levy, Mariana Davidov, Zoya Meirov, and Gerda Shimunova) to describe, in writing and under oath, their knowledge of and involvement in the deletion of the lumixpharmacy1@gmail.com email account, including by stating whether they personally took steps to render the account inaccessible during this litigation and whether they deleted any locally stored lumixpharmacy1@gmail.com emails from their personal devices. Should any of the individual Levy Defendants seek to assert their Fifth Amendment right against self-incrimination rather than providing such a description, this Court should order their counsel to file a letter explicitly stating which Defendants are invoking the Fifth Amendment. Gilead cannot proceed to address the serious issues raised by this spoliation until it knows the details of the deletion of the account, or knows which Defendants are refusing to provide those details by invoking the Fifth Amendment.

### b. The Levy Defendants Have Failed to Comply with this Court's June 9, 2026 Order

In Gilead's May 18, 2026 motion for an order to show cause (Dkt. No. 67-1), Gilead objected to the Levy Defendants' "wholly uncredible" assertions that they lacked a "single responsive document." In acknowledgment of the "very troubling" nature of these assertions, which were "seemingly knowingly incorrect," Your Honor ordered the Levy Defendants to search for and produce all responsive documents (or a privilege log listing withheld documents) by June 15. Tr. at 25:12-26:9. Not a single Levy Defendant has complied with this order.

15 of the 17 Levy Defendants – all but Ariel Levy and Lumix – have produced *no documents at all*, and have provided no explanation to substantiate their continued assertion that no responsive documents exist. Rather, the Levy Defendants' counsel reported to Gilead that he advised each Defendant to search their own documents, and he relied on each of the 15 Defendants[2] report that they did not possess any responsive documents. The current status of the 15 Defendants is thus indistinguishable from what it was at the June 9 conference, when this

---

[2] Specifically, Alex Levy, Daniel Levy, Susana Levy, Benjamin Levy, David Levy, Mariana Davidov, Zoya Meirov, Gerda Shimunova, Galaxy Pharmacy Inc., ClearRx Pharmacy Inc., Ez Max Pharmacy Inc., MDRx Pharmacy Inc., SkyRx Pharmacy Inc., and Spectra Pharmacy Inc. (the "15 Defendants") all purport to have *no* responsive documents.

Court asked the Levy Defendants' counsel point-blank whether his clients were in possession of any responsive documents and counsel responded, "I can't say it's true or not because I haven't – I don't think – I can't represent to the Court there has been a good faith full fulsome review of all of the databases." *Id.* at 12:6-13:2. That remains the case today: other than Lumix and Ariel Levy, whose failure to produce documents appears to be the result of intentional spoliation, *see supra*, neither Gilead nor the Levy Defendants' counsel have any idea whether *any* search (much less a "good faith full fulsome review") has occurred. The Levy Defendants' counsel is not only unable to confirm the truth of his clients' representations about the non-existence of responsive information; he is also unable to provide the most basic information about the search, including *what* repositories were searched (individual email accounts; corporate email accounts; cell phones; messaging applications; computers; and/or hard copy documents) and *how* they were searched (search terms; date filters; etc.). In the parties' subsequent meet-and-confer discussion, counsel stated his belief that the lawyers had no obligation to be involved in the search for documents or to probe his clients' assertion that no responsive documents existed.

The law states the opposite. In this district, "courts strongly disfavor unquestioning reliance by counsel on a client's representation that 'no responsive records exist,' (e.g., self-collection)." *In re OpenAI, Inc., Copyright Infringement Litig.*, No. 25-MD-3143 (SHS) (OTW), 2025 WL 3471561, at *4 (S.D.N.Y. Dec. 3, 2025); *Grullon v. Lewis*, No. 24-CV-04892 (VEC)(SN), 2025 WL 1693425, at *1 (S.D.N.Y. June 17, 2025) ("It is unreasonable to assume that Defendants themselves are conducting a reasonable search without counsel's involvement . . . ."); *Zhulinska v. Niyazov L. Grp., P.C.*, No. 21-CV-1348 (CBA), 2021 WL 5281115, at *3 (E.D.N.Y. Nov. 12, 2021) ("'[S]elf-collection' by ESI custodians 'is strongly disfavored.'"); *Thomas v. City of New York*, 336 F.R.D. 1, 5 (E.D.N.Y. 2020) ("Defendants' counsel is relying on their clients' statements that these chats do not contain pertinent or relevant information. It is unclear why Defendants' counsel chose not to review the chats."); *Herman v. City of New York*, 334 F.R.D. 377, 386 (E.D.N.Y. 2020) ("It is not appropriate to take a client's self-collection of documents, assume it is complete, and not take steps to determine whether significant gaps exist."). The instant case illustrates the wisdom of such a rule, given that (1) current counsel was able to locate some responsive documents from Lumix and Ariel Levy by conducting his own search *after* those entities had previously represented that they did not have any responsive documents in their possession, and (2) Lumix and Ariel Levy appear to have spoliated the great majority of relevant documents, driving home the risk of allowing defendants without experience or ethical obligations to the Court to police their own compliance with civil discovery obligations.

At the meet-and-confer session, the Levy Defendants' counsel agreed to go back and conduct a counsel-supervised search of his clients' document repositories, and to raise follow-up inquiries about the status and potential recoverability of corporate email accounts belonging to non-operational pharmacy defendants. But conducting an appropriate search only *after* the June 15 deadline imposed by Your Honor cannot save the Levy Defendants. As discussed at our last hearing, despite the existence of the Expedited Discovery Order, the Levy Defendants had well over a month to search for and produce documents, and did absolutely nothing during that period. And despite the extensive discussion at the hearing of how their delay was both violating this Court's orders and prejudicing Gilead, and despite this Court's issuance of sanctions, the Levy Defendants still took no good-faith steps to comply after this Court gave them yet another week to search for and produce documents. This is the kind of behavior – seeking delay at every

turn, even when the Court directly orders them to comply – that Gilead forewarned about, and it remains sanctionable.

### c. Lumix and Ariel Levy Have Failed to Comply with the Seizure Order

Finally, Lumix and Ariel Levy have continued to flout the District Court's April 17, 2026 Seizure Order (Dkt. No. 15). The Seizure Order directed Lumix and Ariel Levy to "immediately" provide documents and information regarding purchases and sales of products bearing the Gilead Marks. During the June 9 conference addressing Gilead's motion for sanctions due to their ongoing failure to comply with the Seizure Order, this Court agreed that Lumix and Ariel Levy had violated the Seizure Order, imposed sanctions, and set a deadline of June 15 for them to comply. Tr. at 25:12-26:9. June 15 has come and gone, but neither Lumix nor Ariel Levy have provided *any* of the information at issue in the Seizure Order – or produced any response to the Seizure Order whatsoever.

Two months after the Seizure Order was signed, Gilead still has no idea *where* or *how* Lumix obtained black-market Gilead products, nor can Gilead identify who might have purchased those products. This is not merely a matter of a litigation disadvantage: Lumix and Ariel Levy's failure to comply with the Seizure Order poses a serious health and safety risk to the public by allowing their illicit suppliers to continue operating undetected, while every day that passes increases the chances that their buyers will dispense counterfeit drugs to innocent patients. They have now willfully violated not only the Seizure Order, but this Court's June 9 order as well. Gilead intends to move for additional sanctions to reflect their pattern of misconduct.

To be clear, Lumix and Ariel Levy cannot dodge compliance with the Seizure Order by pointing to their self-serving assertion that no responsive documents exist—particularly in light of the fact that such responsive documents seem to have been intentionally destroyed after the Seizure Order was served. At the June 9 conference, the parties explicitly discussed the fact that the compliance with the Seizure Order was not coextensive with compliance with document discovery obligations, and that the Seizure Order required the production of *information* even if no responsive or non-privileged *documents* could be located. Tr. at 28:24-4. Moreover, both Mr. Zissou and this Court acknowledged that, if Lumix and Ariel Levy failed to provide any of the information in the Seizure Order by the June 15 deadline, they would have to clarify whether that failure was because the information was unavailable to them ("no one knows where their products are coming from") or because they knew but intended to invoke the Fifth Amendment in response to the seizure orders ("nobody's going to say it because they're asserting the Fifth"). Tr. at 33:3-9; 34:2-5. But rather than provide that clarification, Lumix and Ariel Levy have simply ignored the Seizure Order altogether, leaving Gilead without Court-ordered information but unable to effectively challenge a baseless Fifth Amendment assertion over this information (particularly in light of the unambiguous caselaw precluding Lumix, as a corporate entity, from making a Fifth Amendment assertion). Their refusal is disheartening, but not unexpected; as Gilead predicted at the June 9 conference, delay is part and parcel of the counterfeiters' playbook. Tr. at 14:4-16:2. This delay has gone on long enough; Lumix and Ariel Levy should face more serious consequences to spur their compliance with the Court's orders.

## II.     Levy Defendants' Position

The Levy Family Defendants respectfully submit that the present record reflects not defiance, but a good-faith—if admittedly imperfect—effort to comply with this Court's orders under genuinely difficult circumstances, and that the drastic relief Gilead previews finds no warrant in the posture of this case as it stands today.

At the outset, the Levy Family Defendants do not minimize the seriousness with which they regard Your Honor's orders. Ariel Levy has produced all discoverable material within his possession, custody, or control, and counsel is aware of no responsive, non-privileged document of Mr. Levy's that has been withheld. That the production is modest reflects the limited universe of materials presently available to him, not any unwillingness to comply.

That limited universe is, in turn, a function of the very circumstance Gilead casts in the darkest possible light: the [lumixpharmacy1@gmail.com](mailto:lumixpharmacy1@gmail.com) account is, as a practical matter, inaccessible. Both client and counsel have undertaken efforts to restore access to the account and to the marketplace platform through which the relevant transactions were conducted, and those efforts continue as of this writing. Counsel is not in a position to represent to the Court the circumstances under which the account became inaccessible, and the Levy Family Defendants will not feign a certainty they do not possess. As to that narrow question—how the account came to be inaccessible—Mr. Levy will, in his individual capacity, respond by invoking his privilege against self-incrimination under the Fifth Amendment, and counsel will so advise the Court in whatever form Your Honor directs. The Levy Family Defendants respectfully submit that the inference to be drawn from such an invocation is a matter for argument on a fuller record—and on the very motion Gilead has signaled it intends to bring—rather than a conclusion to be presumed against them today.

As to the remaining defendants, the Levy Family Defendants candidly acknowledge that the disclosures made to date are preliminary. Counsel entered this matter at a comparatively late stage and continues to come up to speed on a sprawling record spanning seventeen defendants, and counsel will not represent that the review undertaken thus far is complete. What counsel can represent is that the process is both ongoing and earnest: the Levy Family Defendants are in the course of convening with the individual defendants so that their email accounts, messaging applications, and devices may be reviewed with counsel's direct participation, precisely so that the Court and Gilead alike may have confidence that no responsive, non-privileged material has been overlooked.

On this final point, the parties are, in the end, not so far apart. While the Levy Family Defendants respectfully disagree with the suggestion that an attorney is categorically obliged to superintend every step of a client's document review, they have elected to conduct exactly such a counsel-supervised review here, out of an abundance of caution and a genuine desire to be thorough. The result Gilead urges is, in substance, the result the Levy Family Defendants are already pursuing—and the parties' shared interest in a complete and reliable production is best served by permitting that process to run its course rather than by the entry of case-ending sanctions, a remedy reserved for the rare case of irremediable bad faith and one plainly disproportionate to defendants who are, at this very moment, doing the work the rules require.

The Levy Family Defendants remain committed to compliance and welcome the opportunity to apprise the Court of their continued progress at next week's status conference.

\* \* \*

We thank Your Honor for your attention to this matter. We are available to discuss these or any other issues at the Court's convenience.

Respectfully submitted,

*/s/ Timothy A. Waters*

Timothy A. Waters