**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GILEAD SCIENCES, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PAIN RELIEF RX INC., *et al.*,<br><br>Defendants. | Case No. 26-cv-2172 (CBA) (CHK) |

**STIPULATION AND [PROPOSED] ORDER**
**MODIFYING AND RESOLVING THE ASSET FREEZE ORDER AS TO**
**MICHAEL'S PHARMACY DEFENDANTS**

WHEREAS, on April 14, 2026, Plaintiffs Gilead Sciences, Inc. and Gilead Sciences Ireland UC (collectively, "Plaintiffs" or "Gilead") filed its Complaint against, *inter alia*, Defendants Trinity Global Pharmacy LLC d/b/a Michael's Pharmacy ("Michael's Pharmacy"), Michael Kaldas, Selvia Girgis, and Sildevie Tchiekoua Nguetcho (together, the "Michael's Pharmacy Defendants"), and sought an asset freeze order and expedited discovery order against the Michael's Pharmacy Defendants;

WHEREAS, on April 17, 2026, the Honorable Carol B. Amon entered an asset freeze order ("Asset Freeze Order") against, *inter alia*, the Michael's Pharmacy Defendants (ECF No. 14);

WHEREAS, on May 26, 2026, the Asset Freeze Order was converted into a preliminary injunction against the Michael's Pharmacy Defendants (ECF No. 73);

WHEREAS, on June 10, 2026, the Court entered a stipulation and order (ECF No. 93) modifying the asset freeze order as to the Michael's Pharmacy Defendants but otherwise leaving the asset freeze order in effect against the Michael's Pharmacy Defendants;

WHEREAS, Gilead and the Michael's Pharmacy Defendants have met and conferred in good faith to resolve the total amount that should remain frozen pursuant to the Asset Freeze Order during the pendency of this litigation;

WHEREAS, Gilead and the Michael's Pharmacy Defendants have agreed in principle to resolve the Asset Freeze Order by placing into constructive trust with Trenk Isabel Siddiqi & Shahdanian P.C. the total combined sales price of all Gilead-branded medicines sold online since April 14, 2020, by entities affiliated with the Michael's Pharmacy Defendants and any other pharmacy that any of them has ever owned, operated or controlled;

WHEREAS, the Michael's Pharmacy Defendants have represented that to the best of their knowledge, after a thorough and diligent search of documents and information within their possession, custody, or control, that the total combined sales price of all Gilead-branded medicines sold on online pharmacy-to-pharmacy platforms by any of the Michael's Pharmacy Defendants or any entity owned, controlled, or operated by any of the Michael's Pharmacy Defendants (including Better Health Pharmacy LLC, Downtown Pharmacy LLC, and Michael's Pharmacy) is $**91,768.29**;

WHEREAS, the Michael's Pharmacy Defendants have represented that other than the above-disclosed sales through online pharmacy-to-pharmacy platforms, they have never sold Gilead-branded medicines other than by dispensing them to patients, whether directly or by delivering them to a non-pharmacy health-care facility;

WHEREAS, each of the Michael's Pharmacy Defendants has individually represented that he, she, or it has never owned, controlled, or operated any pharmacy other than Better Health Pharmacy LLC, Downtown Pharmacy LLC, or Michael's Pharmacy that has ever sold Gilead-branded medicines online, through a pharmacy-to-pharmacy platform or otherwise;

WHEREAS, the Michael's Pharmacy Defendants acknowledge that the representations set forth above are material to the parties' agreement as set forth in this stipulation and proposed order, and Gilead has relied on those representations in good faith;

NOW THEREFORE, UPON THE STIPULATION AND AGREEMENT by and between the undersigned counsel for Gilead and the Michael's Pharmacy Defendants, it is hereby **ORDERED** that:

1. The Court's Asset Freeze Order is hereby MODIFIED as follows:
    a. Any bank, brokerage house, financial institution, or online platform holding frozen assets under the Asset Freeze Order shall continue to hold such assets except as set forth in this Order.
    b. Counsel for Gilead or counsel for any of the Michael's Pharmacy Defendants may immediately serve this Order upon any bank, brokerage house, or financial institution.
    c. Within three (3) business days of receipt of this Order, Kearny Bank shall deposit $**45,884.15** via wire transfer from the funds held in the account ending in 1744 (account holder or signatory: Michael Kaldas) into Provident Bank account 112700XXXX (account holder or signatory: Trenk Isabel Siddiqi & Shahdanian P.C.) with the name "Trenk Isabel Siddiqi & Shahdanian PC Attorney Trust Account." The memo line of the wire transfer shall state the caption and docket number of this case ("Gilead Sciences, Inc., et al. v. Pain Relief Rx Inc., et al., 26-cv-2172"). The Michael's Pharmacy Defendants' counsel, Trenk Isabel Siddiqi & Shahdanian P.C., shall hold such funds in constructive trust until further order of this Court.

d. Kearny Bank shall give written confirmation that it has complied with its obligations in the preceding subparagraph to counsel for Gilead at gileadpharmacytopharmacycounterfeits@pbwt.com and to counsel for Defendants at spoondi@trenkisable.law, ptobia@tisslaw.com, and asiddiqi@trenkisable.law.

e. Trenk Isabel Siddiqi & Shahdanian P.C. shall provide Kearny Bank and Counsel for Gilead written acknowledgement of receipt of such funds within one business day of receipt of the wire transfer from Kearny Bank.

f. Within three (3) business days of receipt of this Order, Bank of America shall deposit $**45,884.14** via wire transfer from the funds held in the account ending in 2711 (account holder or signatory: Selvia Girgis) into Provident Bank account 112700XXXX (account holder or signatory: Trenk Isabel Siddiqi & Shahdanian P.C.) with the name "Trenk Isabel Siddiqi & Shahdanian PC Attorney Trust Account." The memo line of the wire transfer shall state the caption and docket number of this case ("Gilead Sciences, Inc., et al. v. Pain Relief Rx Inc., et al., 26-cv-2172"). The Michael's Pharmacy Defendants' counsel, Trenk Isabel Siddiqi & Shahdanian P.C., shall hold such funds in constructive trust until further order of this Court.

g. Bank of America shall give written confirmation that it has complied with its obligations in the preceding subparagraph to counsel for Gilead at gileadpharmacytopharmacycounterfeits@pbwt.com and to counsel for Defendants at spoondi@trenkisable.law, ptobia@tisslaw.com, and asiddiqi@trenkisable.law.

h. Trenk Isabel Siddiqi & Shahdanian P.C. shall provide Kearny Bank, Bank of America, and counsel for Gilead written acknowledgement of receipt of such funds

within one business day of receipt of the wire transfers totaling $**91,768.29** from Kearny Bank and Bank of America. For the avoidance of doubt, Trenk Isabel Siddiqi & Shahdanian P.C. shall not provide such written acknowledgement to either bank until it has received the full sum of $**91,768.29.**

i. Once Kearny Bank and Bank of America receive such written acknowledgment from Trenk Isabel Siddiqi & Shahdanian P.C., Kearny Bank and Bank of America shall unfreeze all remaining accounts for which Michael's Pharmacy, Downtown Pharmacy, Better Health Pharmacy, Michael Kaldas, Selvia Girgis, and Sildevie Tchiekoua Nguetcho are accountholders or signatories.

j. Other than Kearney Bank and Bank of America (as set forth above), any bank or financial institution shall, upon receiving service of this Order, immediately unfreeze in full any and all funds or accounts held by, for, or on account of any of Michael's Pharmacy, Better Health Pharmacy Downtown Pharmacy, Michael Kaldas, Selvia Girgis, or Sildevie Tchiekoua Nguetcho that were previously frozen pursuant to the Asset Freeze Order.

k. For the avoidance of doubt, the unfreezing of funds and accounts set forth in the subparagraphs above is limited to accounts held by, for, or on account of Michael's Pharmacy, Better Health Pharmacy, Downtown Pharmacy Michael Kaldas, Selvia Girgis, or Sildevie Tchiekoua Nguetcho. No bank or financial institution shall unfreeze funds or accounts held by, for, or on account of any other defendant pursuant to the Asset Freeze Order absent further order of this Court.

2. That Michael's Pharmacy Defendants agree that, in the unexpected event that Kearney Bank and Bank of America fail to deposit the full $**91,768.29** with Trenk Isabel Siddiqi &

Shahdanian P.C. for any reason, the Michael's Pharmacy Defendants shall immediately cause a total of $**91,768.29** to be deposited with Trenk Isabel Siddiqi & Shahdanian P.C. from other funds.

3. Once the $**91,768.29** has been deposited with Trenk Isabel Siddiqi & Shahdanian P.C., the Asset Freeze Order shall be dissolved in its entirety as to the Michael's Pharmacy Defendants only, including as applicable to Better Health Pharmacy and Downtown Pharmacy, except to the extent inconsistent with this Order.
4. Nothing in this stipulation shall constitute or be treated as an admission by any party, including an admission of any liability, wrongdoing, or violation of law. Gilead and the Michael's Pharmacy Defendants do not waive and reserve all rights and remedies not specifically addressed herein.
5. Signatures transmitted electronically or by facsimile shall be deemed original.

Dated: September 25, 2026

Respectfully submitted,

PATTERSON BELKNAP WEBB & TYLER LLP

By:

*/s/ Timothy A. Waters*
Geoffrey Potter
Timothy A. Waters
Tara J. Norris
1133 Avenue of the Americas
New York, NY 10036-6710
Tel: (212) 336-2000
Fax: (212) 336-2222
gpotter@pbwt.com
twaters@pbwt.com
tnorris@pbwt.com

*Counsel for Plaintiffs Gilead Sciences, Inc. and Gilead Sciences Ireland UC*

TRENK ISABEL SIDDIQI & SHAHDANIAN P.C.

By:

*/s/ Satish V. Poondi*
Satish V. Poondi

290 W. Mt. Pleasant Ave, Suite 2370
Livingston, NJ 07039
Tel. (973) 533-1000
spoondi@tisslaw.com

*Counsel for Defendants Trinity Global Pharmacy LLC d/b/a Michael's Pharmacy, Michael Kaldas, Selvia Girgis, and Sildevie Tchiekoua Nguetcho*

SO ORDERED

______________________________
CAROL BAGLEY AMON
UNITED STATES DISTRICT JUDGE

Issued: September __, 2026